Jackie Clinton BARBER, Appellant,

v.

The STATE of Texas, Appellee.

No. 51970.

Court of Criminal Appeals of Texas.

Oct. 27, 1976.

Michael J. Whitten, Denton, for appellant.

John Lawhon, Dist. Atty., Denton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of aggravated assault. Punishment was assessed by the jury at seven years. A motion for new trial was overruled. Notice of appeal was given January 24, 1975.

A hearing on the question of the indigency was held on March 5, 1975. The evidence adduced at this hearing is before the Court. Barber testified that he was married and had been married for a period of five years and that he and his wife had one child and that he paid support for one child by a previous marriage. He related that he was an air conditioning and heating service man working on an independent contract basis for Simmons Air Conditioning in Denton. The air conditioning repair business had been very bad for several months and in the last ninety days before the hearing the maximum number of hours he had been able to work in any given one week period was fifteen. He owned no real property and the personal property owned by both him and his wife consisted of a 1973 Datsun pickup and a 1968 Ford station wagon which were mortgaged for most, if not all, of their value. He did not know the value of their household furniture. The only other personal property owned by appellant consisted of his clothes and a few other non-valuables.

His normal and necessary monthly expenditures exceeded his monthly income and that of his wife. He related that he owed his retained counsel approximately $1700 for the trial of this case on the merits and that he had not retained his trial counsel for representation on appeal because of his inability to pay for the cost of counsel

and a statement of facts. There was no way to pay the approximate $1500 for the transcription of the court reporter's notes or to pay an attorney on appeal. He had tried to find work that would pay more than his present income but had been unable to do so. Another district judge had ordered him to pay on back child support a part of a refund in the amount of $1056 due him from the Internal Revenue Service. His other debts would consume any balance left over from the refund after paying the child support. He had been unable to work full time since September, 1974; he had looked for other work and had been unable to find any suitable employment and his wife worked at an hourly wage and her income was insufficient to pay all of the family's necessary monthly obligations. He had the following debts and monthly obligations: attorney's fee, $1700; Flow Memorial Hospital, $500; debt to Charles Barber, $100; doctor bill, $85; child support, $80; house rent, $75; car payment, $50; truck payment, $83; telephone bill, $15; utilities, $40 to $50; an installment payment to Pierce's Gift Shop, $20; insurance, $55; food, $120; gasoline, clothes and miscellaneous expenses, $100; child care while his wife worked, $60.

He was free on a $15,000 appeal bond which had been gratuitously signed by two uncles and a cousin and had these individuals not signed this bond he would not have been able to be free because he would not have the funds to pay for the premium on an appeal bond.

From the record it appears that appellant does not have funds of his own to pay for the transcription of the court reporter's notes or counsel to represent him on appeal.

In *Conrad v. State*, 537 S.W.2d 755 (Tex.Cr.App.1976), this Court recognized the fact that trial judges are often faced with questions of indigency after bail has been made and after an attorney has been paid a fee. We noted that even though there had been retained counsel at the trial, this did not bind counsel to furnish a record at his own expense or to handle the appeal without a fee. The question of indigency for appeal purposes is to be determined at the time of the appeal and not at the time of the trial. In *Conrad*, we discussed the holdings of the United States Supreme Court in *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), as well as this Court's holding in *Simmons v. State*, 511 S.W.2d 308 (Tex.Cr.App.1974).

There are no standards set out for the guidance of trial judges in determining the actual indigency of a defendant for purposes of appeal. See Article 40.09, Section 5, V.A.C.C.P. Each case must be decided upon its facts.

From this record the appeal must be abated so that the transcription of the court reporter's notes may be made available to appellant as an indigent and counsel may be appointed for the appeal unless further facts are developed to show that he is not indigent. If there is further evidence sufficient to show that Barber is not indigent, it should be furnished this Court for review before a record and an attorney are denied. After the approval of the record, the provisions of Article 40.09, supra, will apply.

Accordingly, the appeal is abated.