**Bill Dee STATEN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–82–828CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 3, 1983.

Michael A. Maness, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appellant, Bill Dee Staten, was tried and found guilty of promotion of obscene material. Punishment was assessed at thirty days confinement and a five hundred dollar fine. After timely notice of appeal, appellant filed an affidavit of indigency and requested that his transcription of trial testimony be prepared without cost. Staten appeals from the trial court's denial of this request. We find that the denial was improper and accordingly abate the appeal.

■ Article 40.09(5) of the Texas Code of Criminal Procedure (Vernon 1983) contains the procedure for obtaining a transcript without charge. Specifically, the appellant must timely file an affidavit of indigency, and the court must thereafter conduct a hearing as to the truthfulness of the affidavit. *See Warminski v. Dear,* 608 S.W.2d 621 (Tex.Cr.App.1980). Appellant Staten complied with this procedure and at the hearing which followed, the following evidence was produced: that appellant earned three-hundred-and-fifty dollars per week and had no other sources of income; that his wife was pregnant and unable to work; and that he would therefore be unable to pay the estimated $2718.75 for the transcription. The state did not present any evidence to rebut these contentions, but on cross-examination did inquire into appellant's past and current legal fee arrangements. Appellant testified that his employer, the owner of an adult bookstore, had paid his legal fees for this offense and in two prior obscenity offenses, including attorney's fees, and presumably bond and other expenses related to the trial, although appellant was not certain of the latter. Appellant further testified that his employer had told him he would not pay the costs of having the record prepared and transcribed. To date, such transcription has not been prepared.

Based on that information, the trial judge made the following statement:

The Court concludes, as part of the finding of fact, that the employer paid for those witnesses, that he paid for the appeal bond made by this defendant when he gave notice of appeal; that the defendant's employer paid for the magazines and video tapes which were shown during the trial of this case, all of which were rather expensive. The Court fur-

ther finds that the defendant's alleged indigency is only subterfuge to save the employer some money for costs.

The Court, therefore, finds the defendant is not an indigent person and that even if he were, that all the Court costs, including the cost of what you have requested in this case, a copy of the transcript of the trial, that even if he were indigent, that would be immaterial because the defendant's employer is obliging himself to pay for that along with the rest of the appeal, including attorney's fees for the appeal.

■ Appellant contends on appeal that the trial court improperly considered evidence of the employer's financial assistance in determining appellant's indigency. We agree. A determination of whether an appellant is entitled to a free transcription is to be made on a case by case basis. *Zanghetti v. State*, 582 S.W.2d 461 (Tex.Cr.App. 1979). While there are no set standards for determination of indigency on appeal, the court is to look at the individual appellant's financial status and not that of relatives or other sources. *Abdnor v. Ovard*, 653 S.W.2d 793 (Tex.Cr.App.1983). *See Barber v. State*, 542 S.W.2d 412 (Tex.Cr.App.1976).

The state urges us to "pierce the veil of apparent indigency" and relieve the county of paying a "necessary business expense" of such commercial endeavors. While we understand and are sympathetic to this argument, we are not convinced that the desired end justifies overruling the current law in this state. It may be repugnant to require the taxpayers of Harris County to shoulder this appeal cost when the employer has paid all legal fees in the two prior offenses, has paid all fees in the current offense save that of the record here at issue, and indeed has behaved as if this were part of the cost of doing business. However, on the record before us, we do not have sufficient evidence to show that the defendant has this financial resource unqualifiedly available to him. Outside sources such as relatives and even employers are not to be considered unless they are legally bound to pay for defendant's appellate expenses.

Accordingly, the appeal here must be abated so that the transcription of the trial testimony may be made available to appellant as an indigent unless further facts are developed to show that he is not indigent. Rather, than divide our decision in this appeal, we reserve judgment on appellant's remaining grounds of appeal until the indigency proceedings are properly resolved and a complete appellate record is before us.

The appeal is abated.