Tillman Clay TURNER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–00195–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 29, 1987.

John Hirling, Hirling & Hirling, Houston, for Turner.

Jim Maple, Brazoria County Dist. Atty., Jim Turner, Brazoria County Asst. Dist. Atty., Angleton, for State.

Before EVANS, C.J., and LEVY and SAM BASS, JJ.

## OPINION

EVANS, Chief Justice.

A jury convicted the appellant of driving while intoxicated and assessed his punishment at two years confinement and a $2,500 fine, probated.

The appellant gave notice of appeal, and timely filed his designation of record, together with an indigency affidavit and a motion asking that the trial court provide a free copy of the statement of facts. After a hearing on appellant's motion, the trial court ruled that the appellant was not indigent. Appellant seeks our review of the trial court's ruling.

The appellant testified that a complete statement of facts could cost a total of $2,000. The court reporter had advised that a deposit of $1,000 was required before she could start transcribing her notes. Appellant testified that he did not have $1,000, that he did not have the ability to

borrow that amount, and that he did not have sufficient personal property to sell and raise that sum, nor did he believe that he would be able to raise the entire $2,000 within the required time. Appellant, 26 years old, worked for a moving company, where he earned $6 per hour, and his net income was about $204 per week. He also worked as an independent contractor for another moving company but had not been called to work for a month. His estimated monthly expenses consisted of rent ($245); utilities ($55); food ($190); gas ($170); laundry ($50); and attorney's fees ($200). He said that he owed a $2,800 hospital bill and had borrowed $300 from a friend to pay his bond cost and his attorney's fees. His personal property consisted of a 1977 pickup truck, which he used to drive to work, a television set, a bed, a table, four chairs, and a guitar. He was renting an apartment, and it was impractical for him to live with his parents at their home. He had not been to a bank because he had no credit, and he had not been able to secure a loan from his parents. He had been denied a loan about two years before his conviction.

■ There are no rigid standards for determining indigency on appeal. *Conrad v. State*, 537 S.W.2d 755 (Tex.Crim.App. 1976). The determination must be made on a case by case basis, *Zanghetti v. State*, 582 S.W.2d 461 (Tex.Crim.App.1979), and the question of the defendant's ability to pay must be measured by the circumstances prevailing at the time of appeal, not at the time of trial. *Barber v. State*, 542 S.W.2d 412 (Tex.Crim.App.1976); *Ex parte King*, 550 S.W.2d 691 (Tex.Crim.App.1977).

■ Among the factors to be considered in deciding the issue of indigency are the nature of the defendant's employment, the amount of the defendant's earnings and expenses, and the defendant's ability to secure a bond and retain counsel. *See Minjares v. State*, 577 S.W.2d 222 (Tex.Crim.App.1978); *See also Foley v. State*, 514 S.W.2d 449 (Tex.Crim.App.1974). But an appellant will not be deprived of his right to a free statement of facts on appeal merely because he was represented by re-tained counsel at trial. *Abdnor v. State*, 712 S.W.2d 136 (Tex.Crim.App.1986).

Texas Code of Criminal Procedure article 40.09, section 5 (Vernon 1986) sets forth the procedure for obtaining a statement of facts without charge. Under the provisions of that statute, an appellant who claims indigency and requests a statement of facts without charge must show: (1) that he exercised due diligence in asserting his indigency, and (2) that he sustained the allegations of his affidavit as to indigency at the hearing as provided by the statute. *Abdnor v. State*, 712 S.W.2d at 142. Here, the appellant met the first part of this test, and the only question is whether his testimony at the hearing constitutes a prima facia showing of indigency.

The State contends that because the appellant is employed and is deducting a substantial sum from his earnings to pay his attorney's fees, he failed to demonstrate that he cannot pay for the statement of facts. The State also contends that under the facts of this case, a complete statement of facts is unnecessary to protect the appellant's rights on appeal, and the State alternatively asks that the cause be remanded to the trial court so it may determine how much of the record is necessary to the appellant's appeal.

■ Although we find considerable merit in the State's argument regarding appellant's failure to make a prima facia showing of indigency, we have concluded that the issue should be resolved in appellant's favor. Accordingly, we hold that the appellant made a prima facia showing of his inability to pay the *entire* $2,000 cost at the time he initiated his appeal. We also conclude that justice would best be served by remanding the cause to the trial court for a determination of the portion of the record necessary to an effective presentation of appellant's points on appeal, as well as appellant's ability to pay for such portion of the record. *See* Tex.R.App.P. 53(c), 55(b). In this respect, appellant's counsel on appeal, with admirable candor, conceded in oral submission that a complete transcription of the record is unnecessary to the appeal and that the punishment and

sentencing phases of trial need not be transcribed for appellate review.

The trial court's judgment is reversed, and the cause is remanded to the trial court for a determination of that portion of the record necessary to the appeal, and of the appellant's ability to pay the cost of such portion of the record.