**Rita Iris FISHMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–181–CR.**

Court of Appeals of Texas,
Corpus Christi.

April 20, 1989.

Rehearing Denied June 8, 1989.

Thomas Sullivan, Downey & Sullivan, Brownsville, Joseph A. Connors, III, McAllen, for appellant.

Ben Euresti, Jr., County Crim. Dist. Atty., Brownsville, for appellee.

Before BENAVIDES, UTTER and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

Appellant, Rita Iris Fishman, was convicted by a jury for the murder of her husband. The jury assessed her punishment at ten years' confinement in the Texas Department of Corrections. Appellant timely filed a written notice of appeal and, in accordance with Tex.R.App.P. 53(j)(2), filed an affidavit of indigency requesting a free statement of facts and transcript. After a hearing was held on the indigency issue, the trial court entered an order finding that appellant was not indigent. From this order appellant presents this appeal asserting eight points of error.

By points one, three, four, five, seven, and eight, appellant contends that the trial court abused its discretion in finding appellant was not indigent and, thus, deprived her of an appeal in violation of the state and federal constitutions. She further requests that the court provide her with a free appellate record of the jury trial and related proceedings.

The State contends that the record does not affirmatively show that the trial court abused its discretion in finding that appellant was not indigent. The State argues that appellant did not prove that she was unable to pay for all or a portion of the record or, alternatively, provide security for all or a portion of the same. We agree.

The record reflects that appellant filed with the trial court an affidavit of indigency asserting that she had "insufficient money, property, or assets of any kind available to pay for *or give security* in order to pay for the statement of facts and the transcript in this cause." (emphasis added). Appellant further requested the court to order the court reporter to furnish a statement of facts and transcript at no expense to her. A hearing was conducted on the matter. At the hearing appellant called two witnesses to testify on her behalf.

Cynthia Garza, the official court reporter for the 357th District Court in Cameron County, testified that she recorded the statement of facts at appellant's murder trial. Garza testified that the statement of facts consisted of approximately 2,000 pages and would cost approximately nine thousand dollars to prepare.

Carlos Vela, the guardian of the estate of appellant's daughter, testified at the hearing that he was familiar with the extent of appellant's assets. According to Vela, appellant had been unemployed for approximately 10 to 13 years and had a negative net worth.

Vela testified that appellant's assets consist only of her community interest in her homestead and an adjacent lot. Vela testified that appellant's ½ interest in her homestead and the 1.38 acre adjacent lot were valued at approximately $42,000.[1] He further testified that appellant's outstanding share of the mortgage on the homestead was approximately $13,000.

Likewise, Vela introduced appellant's 1987 tax return which shows that her adjusted gross income in 1987 was $5,707.00. The tax return also shows that in 1987 appellant declared an additional income of $7,403.17; however, Vela testified that this income was from interest earned on accounts held for the benefit of appellant's daughter. The record reflects that Vela prepared an inventory, appraisement, and list of claims for the estate of appellant's daughter. This inventory was filed with the trial court and, during the indigency hearing, the court took judicial notice of the document. This document reveals that appellant's daughter inherited $147,518.44 from her father's death, which was placed in trust with the U.S. District Clerk and deposited in the First City National Bank in Houston, Texas. According to Vela, appellant initially received the interest on this money, but that a judge for the U.S. District Court ordered that those amounts now be paid to the guardian of the daughter's estate.

1. An inventory, appraisement, and list of claims that was filed with the court reflects that the total appraised value of the homestead is $69,- 500, and the total value of the other property is $14,500.00.

Vela further testified that appellant had two money judgments entered against her. On July 21, 1988, a hearing was held for the appointment of a permanent guardian for appellant's daughter. At the hearing, the judge ordered appellant to reimburse her daughter's estate for the amount of $39,154.76. Vela also testified that he knew that a wrongful death civil action had been brought against appellant which resulted in a money judgment being entered against her. Vela, however, was not aware of the amount of this judgment.

Although appellant's witnesses were cross-examined, the State did not introduce any evidence at the indigency hearing. The State merely asked the court to make the record reflect that appellant had retained two lawyers to represent her.

It is well established that an appellate review of criminal convictions is provided in this state; therefore, a trial judge has a duty under the federal and state constitutions to provide an indigent defendant with an adequate record on appeal. *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Abdnor v. State,* 712 S.W.2d 136, 139 (Tex.Crim.App.1986).

Tex.R.App.P. 53(j)(2) provides that:

Within the time prescribed for perfecting the appeal an appellant unable to pay for the statement of facts may, by motion and affidavit, move the trial court to have the statement of facts furnished without charge. After hearing the motion, if the court finds that the appellant is *unable to pay for or give security for* the statement of facts, the court shall order the reporter to furnish the statement of facts ... (emphasis ours).

A determination of indigence must be made on a case by case basis. *Abdnor,* 712 S.W.2d at 141; *Zanghetti v. State,* 582 S.W.2d 461 (Tex.Crim.App.1979). The determination is to be made at the time of the appeal and not at the time of trial. *Barber v. State,* 542 S.W.2d 412 (Tex.Crim.App. 1976). Likewise, the court is to consider the financial condition of the appellant and not that of his parents or other relatives. *Abdnor,* 712 S.W.2d at 142; *Ex Parte King,* 550 S.W.2d 691 (Tex.Crim.App.1977).

The factors to be considered in deciding the issue of indigency are the nature of the defendant's employment, the amount of the defendant's earnings and expenses, and the defendant's ability to secure a bond and retain counsel. *Turner v. State,* 725 S.W.2d 409, 410 (Tex.App.— Houston [1st Dist.] 1987, no pet.). However, an appellant will not be deprived of his right to a free statement of facts on appeal merely because he was represented by retained counsel at trial. *Abdnor,* 712 S.W.2d at 142. Retained trial counsel is not bound to furnish an appellate record at his own expense or to handle the appeal without a fee. *Id.*

In the case now before us, we cannot find that the trial court abused its discretion in failing to find that appellant could not pay for or give security for a $9,000 statement of facts. Appellant did not introduce any evidence concerning her living expenses. Although there was evidence that appellant had been unemployed, the record reflects that appellant was able to secure bond and retain counsel. Likewise, the record reflects that she had approximately $30,000 in equity in her homestead and adjacent real property. There was no evidence that the adjacent 1.38 acre lot was mortgaged, and there was no evidence that a judgment lien had been levied against it. Furthermore, the appellant did not introduce any evidence demonstrating why the adjacent property could not legally be incumbered or sold in order to provide security or pay for the statement of facts and transcript.

We, therefore, refuse to hold that the trial court abused its discretion. Accordingly, we overrule appellant's first, third, fourth, fifth, seventh, and eighth points of error.

By her second point of error, appellant contends that the court, in making its determination, erroneously considered only oral testimony and did not consider documentary evidence which had been entered into evidence and judicially noticed by the trial court. We have reviewed the record and find appellant's contention without

merit and not supported by the record. Appellant's second point is overruled.

Appellant further asserts by point six, that the prosecutor committed constitutional misconduct in opposing her prima facie case, "with nothing but lawyer talk." Again, we have considered appellant's complaint and find it to be without merit. Accordingly, we overrule appellant's sixth point of error.

Having found no reversible error, we affirm the judgment of the trial court.