Joe Lewis TAYLOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00004–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 25, 1990.

Gordon White, Jr., Houston, for appellant.

Richard Dawson, Asst. Dist. Atty., Ft. Bend County, for appellee.

Before EVANS, C.J., and HUGHES and O'CONNOR, JJ.

## OPINION

HUGHES, Justice.

A jury found appellant, Joe Lewis Taylor, guilty of possession of a controlled substance, and assessed punishment at 12½ years confinement. After sentencing, appellant filed his notice of appeal and a pauper's affidavit requesting that the court appoint counsel on appeal and order the statement of facts prepared at no charge to him. The court conducted a hearing to determine appellant's indigency, and found appellant was not indigent. Appellant has

not filed the statement of facts and has no counsel on appeal.

In his sole point of error, appellant asserts the trial court erred in denying him indigency status.

A defendant who claims indigency and requests a statement of facts without charge must (1) exercise due diligence in asserting his indigency, including the timely filing of an affidavit of indigency, and (2) sustain the allegations of his affidavit as to indigency at the hearing required by Tex.R. App.P. 53(j)(2).[1] *Abdnor v. State*, 712 S.W.2d 136, 140–41 (Tex.Crim.App.1986). Appellant must prove both diligence and indigency. *Id.*

■ No rigid standard exists for determining indigency on appeal. *Abdnor*, 712 S.W.2d at 140–42; *Abdnor v. Ovard*, 653 S.W.2d 793, 794 (Tex.Crim.App.1983); *Turner v. State*, 725 S.W.2d 409, 410 (Tex. App.—Houston [1st Dist.] 1987, no pet.). The determination must be made on a case by case basis, *Turner*, 725 S.W.2d at 410, and we must look at an appellant's financial status at the time of his appeal, not at the time of trial. *Abdnor*, 712 S.W.2d at 142; *Barber v. State*, 542 S.W.2d 412 (Tex. Crim.App.1976).

■ Appellant exercised due diligence in attempting to secure the statement of facts and appointment of counsel by timely filing his affidavit of indigency embodying his request. Thus, the question we must entertain is whether the trial court erred in finding appellant was not indigent for purposes of obtaining a free statement of facts and counsel on appeal.

Appellant's affidavit in support of his indigency stated he was not presently employed and he had received no income from a business, profession, or other form of self-employment within the last 12 months. He also stated that he did not own any cash, real estate, stocks, bonds, notes, automobiles, or other valuable property. He did not have a savings or checking account.

At the indigency hearing, the court reporter estimated the statement of facts would cost between $1800 and $2000. He requires one-half of the cost as a deposit, and the remainder when the statement of facts is complete.

Appellant's sister, Catherine Taylor, testified she is familiar with appellant's financial condition and that he does not have a savings or checking account. When asked whether she knew if appellant had any money available to him for his appeal, she responded, "No, sir." This is an ambiguous response, and could either mean no, she didn't know whether appellant had money available to him, or no, he didn't have any money available to him. On cross-examination, Ms. Taylor further testified that appellant has a 1984 Grand Prix automobile and a pendant with a heavy gold chain. This testimony contradicts appellant's affidavit statement that he did not own an automobile or other valuable personal property.

■ Ms. Taylor also testified that she was aware appellant had been arrested twice since being out on bond for the possession case and that he had made bond in both instances. She was also aware that appellant had been represented by a court appointed attorney, and up until this hearing he had always paid for his own attorney. This testimony is not relevant. The fact that an appellant was represented by retained counsel and was out on bond pending appeal is not determinative of appellant's indigency at the time of the appeal. *Abdnor*, 712 S.W.2d at 142; *Turner*, 725 S.W.2d at 410.

■ There was also a suggestion by the State that appellant had $3600 in cash in his possession at the time he was arrested. However, when asked about this money, Ms. Taylor said she was not aware of the money. We cannot accept as fact assertions made by the State during cross-examination. *Snoke v. State*, 780 S.W.2d 210, 213 (Tex.Crim.App.1989).

1. Rule 53(j)(2) provides that:
   Within the time prescribed for perfecting the appeal an appellant unable to pay for the statement of facts may, by motion and affidavit, move the trial court to have the statement of facts furnished without charge. After hearing the motion, if the court finds the appellant is unable to pay for or give security for the statement of facts, the court shall order the reporter to furnish the statement of facts....

Appellant's brother, Don Baker, testified that he is vaguely familiar with appellant's finances and appellant does not have a savings or checking account, and he does not have the money to provide for his appeal. Mr. Baker stated that he would be willing to help appellant with the appeal. This is irrelevant, however, because we must determine whether appellant, not his brother is indigent; whether appellant's brother is financially able to assist him, is not to be considered by the court. *Abdnor,* 712 S.W.2d at 142; *Staten v. State,* 662 S.W.2d 672, 674 (Tex.App.—Houston [14th Dist.] 1983, no pet.).

In its brief, the State points out that appellant did not testify on his own behalf, nor did he offer his affidavit into evidence. This is irrelevant because a defendant is not required to testify at an indigency hearing. *Abdnor,* 712 S.W.2d at 142; *Abdnor,* 653 S.W.2d at 794 n. 2. Appellant's affidavit is contained in the record transmitted from the trial court and we properly consider it.

After sifting through the offered testimony and considering only what is relevant, we are left with the fact that while appellant claims he does not have the ready cash to pay for the statement of facts or to hire an appellate attorney, he does have some personal property, namely, an automobile and a pendant and chain, that could be sold. There was no testimony regarding any attempts to sell these items. Further, appellant offered no testimony as to the value of the automobile, or whether the car's value was greater than any amount owed on it.

We conclude that appellant did not present a prima facie showing of his indigency. Because appellant did not present a prima facie case showing his right to a free statement of facts and counsel on appeal, we cannot sustain his point of error.

The judgment of the trial court denying the appointment of counsel and the preparation of a statement of facts is affirmed.