krueger 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-293-CR




KENT ANTHONY KRUEGER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT



NO. CR90-258, HONORABLE FRED A. MOORE, JUDGE PRESIDING



 





 Over a plea of not guilty, the jury found appellant Kent Anthony Krueger guilty
of unlawful possession of methamphetamine, a controlled substance. See Tex. Health & Safety
Code Ann. §§ 481.102(6), 481.115(b) (Pamph. 1992). The jury assessed his punishment at five-years imprisonment. On its own motion, the trial court found Krueger was not indigent for
purposes of appeal. Krueger appeals from this finding. We will affirm the judgment.



THE CONTROVERSY


 After being indicted for possession of a controlled substance, Krueger applied for
a court-appointed attorney. In his application Krueger acknowledged owning a motorcycle, but
swore he had no money and had no ability to obtain credit to raise money. He did not mention
any lien on the motorcycle. The court appointed an attorney to represent Krueger at trial.

 After the jury found Krueger guilty and fixed his punishment, the trial court
pronounced sentence on June 3, 1991. In that same proceeding, Krueger's attorney gave oral
notice of appeal, whereupon the court sua sponte took up the issue whether Krueger was indigent. 


 During the indigency hearing, Krueger stated that his mother bought him the
motorcycle mentioned in the earlier application for court-appointed counsel in exchange for
Krueger's waiver of rights in a trust fund. The State had taken custody of the motorcycle at some
earlier time, perhaps on Krueger's arrest, but approximately a week before trial Krueger's mother
replevied the motorcycle for $3500. Krueger therefore had possession of the motorcycle at the
time of trial. He stated during the hearing that he owned the motorcycle "with a clear title in my
name." He also stated the motorcycle had a "book value" of $4400. 

 The trial court asked Krueger's mother, a Ms. Kaufman, whether she intended to
assist her son in his appeal. She stated that she could not afford to pay for an attorney for
Krueger. Based on the statements of Krueger, his mother and his attorney, the trial judge said,
"It's my finding he's not indigent. He's got access to money. That is all I've heard, sir. I'm not
paying for any appointed attorney on appeal."

 On June 12, 1991, Krueger filed a second application for court-appointed attorney. 
On that document he wrote, "Motorcycle has $3000 lein [sic] on title. Balance owed to Mother
and NCNB. Sorry, no dice." Krueger swore that he had no other assets except a few items of
furniture and an automobile worth $100. On the same day the trial court denied Krueger's
application, stating that he found Krueger was not indigent and therefore was not entitled to a free
record or to court-appointed counsel on appeal.

 On June 18, 1991, Krueger filed an indigent's motion for statement of facts. The
trial court denied the motion. Krueger then filed a notice of appeal on the issue of indigency.



DISCUSSION


 In his sole point of error, Krueger complains the trial court erred in refusing to
grant the request for a court-appointed attorney. Krueger argues that he established his indigency
by showing that he was unemployed, that he had no access to a trust fund, that he had no other
money, and that he had no one to help him with his legal fees. The State offered no argument or
evidence in rebuttal of Krueger's application. See Snoke v. State, 780 S.W.2d 210, 213 (Tex.
Crim. App. 1989) (once a defendant makes a prima facie showing of indigency, he is entitled to
court-appointed counsel unless the State offers evidence to rebut the claim). 

 The State contends Krueger failed to make a prima facie showing of indigency
because he admitted before the court that he had possession of and clear title to a motorcycle
worth $4400. Therefore, argues the State, the trial court did not abuse its discretion in denying
Krueger's application for a court-appointed attorney. See Rosales v. State, 748 S.W.2d 451, 455
(Tex. Crim. App. 1987) (the determination of indigency lies within the discretion of the trial
court), cert. denied, 487 U.S. 1241 (1988). We agree.

 A defendant claiming indigency status (1) must exercise due diligence in asserting
his indigency, including filing his affidavit; and (2) must sustain the allegations of his affidavit
as to indigency at the hearing. Snoke, 780 S.W.2d at 212-13. We conclude no due-diligence
issue arises in this cause. The trial court addressed the indigency issue sua sponte before Krueger
had a chance to file his application for court-appointed counsel on appeal. Moreover, Krueger
filed his application within ten days of the hearing and obtained a ruling the same day. 

 The dispositive issue, then, is whether Krueger sustained his allegations that he had
no money and could not obtain money by selling his motorcycle. (1) See id. at 213 (the defendant
at an indigency hearing bears an initial burden to go forward with evidence to substantiate his
sworn allegation of indigency). From Krueger's statements at the hearing and in his affidavit, we
believe he established that he has no money and no opportunity to obtain money from his mother
or others. See Rosales, 748 S.W.2d at 455 (a court should consider only the defendant's financial
condition, not that of parents, friends or others). We do not believe he established that his
motorcycle was encumbered and therefore unavailable for sale.

 During the hearing, Krueger said he had clear title to the motorcycle and that the
motorcycle had a book value of $4400. His mother, Kaufman, stated that she "gave" the
motorcycle to Krueger and that the motorcycle was "in his name." Finally, Krueger's attorney
stated that Krueger had possession of the motorcycle at the time of the hearing. No one at the
hearing mentioned a lien on the motorcycle in favor of Kaufman or a bank, nor did Krueger list
any liens on the motorcycle in his first application for a court-appointed attorney to represent him
at trial. The first mention of the liens appeared in the affidavit Krueger filed June 12, 1991.

 Krueger argues that when a defendant is represented at trial by court-appointed
counsel, a presumption arises that the defendant is indigent for purposes of appeal as well, absent
a contrary showing. See Morey v. State, 744 S.W.2d 668, 669 (Tex. App. 1988, no pet.) (citing
Bush v. State, 557 S.W.2d 772, 773 (Tex. Crim. App. 1977)). A court, however, must determine
indigency at the time the appeal is filed, not at the time of trial. Snoke, 780 S.W.2d at 213;
Abdnor v. State, 712 S.W.2d 136, 142 (Tex. Crim. App. 1986). At the time Krueger gave his
oral notice of appeal, he stated that he had clear title to the motorcycle. We believe Krueger
rebutted the presumption of indigency by his own statements. See Castillo v. State, 571 S.W.2d
6, 7 (Tex. Crim. App. 1978) (the fact that the defendant has appointed counsel at trial is not
dispositive on the issue of indigency for purposes of appeal).

 Courts cannot determine indigency by rigid standards; instead, they must decide
on a case-by-case basis whether the defendant is indigent. Snoke, 780 S.W.2d at 212. On the
facts of this case, we cannot say the trial court abused its discretion in denying Krueger's
application for a court-appointed attorney. See Taylor v. State, 799 S.W.2d 445, 446-47 (Tex.
App. 1990, no pet.) (appellant did not make prima facie showing of indigency when evidence
established he had automobile and jewelry he could sell to obtain funds for appeal). We overrule
the point of error.

 Finding no error, we affirm the trial-court judgment in all respects.






 John Powers, Justice

[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: June 10, 1992

[Do Not Publish]
1.   Krueger does not complain on appeal that the trial court erred by deciding the
indigency issue before Krueger filed his second application for court-appointed attorney
or by failing to hold a hearing on the second application. Therefore, we will assume
Krueger was obligated to establish at the hearing the allegations made in his subsequent
affidavit. He does not allege his financial circumstances changed between the hearing and
the filing of the second application.