IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-169-CR





MICHAEL GRANT SHELBY, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 105,973, HONORABLE BOB JONES, JUDGE PRESIDING



 




 After finding appellant guilty of the offense of theft of property of the value of at
least seven hundred dollars but less than twenty thousand dollars, Tex. Penal Code Ann. art.
31.03(e)(4)(A) (Supp. 1992), the jury assessed punishment, enhanced by two prior felony
convictions, at ten years confinement. In a single point of error, appellant asserts that the trial
court erred in failing to order Travis County to financially assist appellant in prosecuting an
appeal of his conviction. We overrule appellant's point of error and affirm the judgment of the
trial court.

 The determination of indigency is a matter addressed to the sound discretion of the
trial court. In the absence of a clear abuse of such discretion, the trial court's ruling will not be
disturbed on appeal. Rosales v. State, 748 S.W.2d 451, 455 (Tex. Crim. App. 1987). No rigid
standards exist for determining indigency on appeal and the determination of this issue has to be
made on a case-by-case basis. Abnor v. State, 712 S.W.2d 136, 141 (Tex. Crim. App. 1986). 
The appellant's personal financial condition at the time of appeal, not at the time of trial, is the
focal point for such determination. Barber v. State, 542 S.W.2d 412, 413 (Tex. Crim. App.
1987). 

 Appellant, the only person to testify at the indigency hearing, related that he owned
four automobiles, a 1978 Lincoln, a 1980 Audi 5000, a 1979 Mercury Cougar and a 1979 BMW. 
In response to a question about whether he was in the business of buying and selling cars,
appellant stated, "I can't recall," nor did he remember what he did before he was arrested, stating,
"I remember I was going to court." Appellant expressed a reluctance to sell his cars to pay the
costs of an appeal, but finally agreed to part with them "If I had to." He related that all of his
cars were in varying stages of disrepair and estimated the values of the vehicles, as follows: 
Lincoln, "As is probably about $300 to $400"; Audi, "Not much"; Mercury "Maybe a thousand
at the most"; and the BMW, "Probably get about $800." Appellant further testified that he owned
some jewelry, consisting of "rings and necklaces" with a "pawn" value of "Probably six hundred
dollars." Appellant did not trust anyone other than his brother, a soldier stationed at Fort Hood,
to sell his property, and "He's gone all the time." 

 No evidence was offered with regard to the cost of preparing an appellate record. 
In response to his attorney's question about the amount he had quoted him for representing him
on appeal, appellant recalled, "It would be around -- about $3,000." After reviewing the fact that
appellant owned four automobiles and "lots of gold jewelry," the court concluded that appellant
was not indigent "at this time."

 While appellant testified that his family and friends have been unable to raise any
money for appeal, he does own four automobiles and jewelry. There is no testimony that
appellant has made any attempt to sell any of his property. See Taylor v. State, 799 S.W.2d 445,
447 (Tex. App. 1990, pet. ref'd). The trial court could reasonably infer that the lack of effort to
sell the property to raise money for appeal could have been prompted by appellant's expressed
reluctance to part with his cars rather than the fact that he was in custody and could trust no one
other than his brother.

 After a careful review of the evidence at the indigency hearing, we conclude that
the trial court did not abuse its discretion in finding that appellant is not indigent. Appellant's
point of error is overruled.

 The judgment of conviction is affirmed.



 

 Tom G. Davis, Justice

[Before Justices Powers, Kidd and Davis*]

Affirmed

Filed: August 26, 1992

[Do Not Publish]
















* Before Tom F. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (1988).