IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-130-CR





ROBERT CHARLES SMITH,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL

DISTRICT


NO. 90-611-K26, HONORABLE WILLIAM S. LOTT, JUDGE PRESIDING



 




 After finding appellant guilty of the offenses of possession of a firearm by a felon,
Tex. Penal Code Ann. § 46.05 (West 1989) and unlawfully carrying a firearm on licensed
premises, Tex. Penal Code Ann. § 46.02(c) (West 1989), the jury assessed punishment, enhanced
by three felony convictions in each count, at confinement for life for each offense.

 In his first point of error, appellant contends that the court erred in failing to order
the county to financially assist appellant in prosecuting an appeal of his conviction. In his second
point of error, appellant asserts that the court erred in overruling his motion to suppress evidence. 
We overrule appellant's points of error and affirm the judgment of the trial court. (1)

 Insofar as appellant's first point of error is directed to the trial court's failure to
appoint counsel for appeal, we find this contention to be a moot question. Appellant received
representation on appeal from counsel he retained in the trial court. Counsel for appellant filed
an appellate brief and made oral argument before this Court in appellant's behalf.

 At the beginning of the indigency hearing, counsel for appellant advised the court
that the cost of "the transcripts on any court proceedings . . . will probably be anywhere between
$2500 and $3500." However, no evidence was introduced to support counsel's representation. 
Appellant testified that he and his wife owned two Cadillac automobiles, "one is a '79 and one
is an '81." Appellant did not know the amount owed the bank on these vehicles. In addition,
appellant related that he owned two rings with small diamond stones, "a watch and chains and
stuff."

 The determination of indigency is a matter addressed to the sound discretion of the
trial court. In the absence of a clear abuse of such discretion, the trial court's ruling will not be
disturbed on appeal. Rosales v. State, 748 S.W.2d 451, 455 (Tex. Crim. App. 1987). There is
no testimony that appellant made any attempt to sell any of his property. Taylor v. State, 799
S.W.2d 445, 447 (Tex. App.--Houston [1st Dist.] 1990, no pet.). Nor was any testimony offered
as to the value of the automobiles or whether the value of the cars was greater than the amount
owed on them. We conclude that the trial court did not abuse its discretion in finding that
appellant is not entitled to a free statement of facts. Appellant's first point of error is overruled.

 In his second point of error, appellant asserts that the trial court erred in overruling
his motion to suppress evidence since appellant's arrest and the seizure of the gun and contraband
was without probable cause. Without a statement of facts to show the evidence and rulings of the
trial court to which appellant assigns error, nothing is presented for review. Skinner v. State, 837
S.W.2d 633, 638 (Tex. Crim. App. 1992). Appellant's second point of error is overruled.


 The judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Justices Jones, Kidd and Davis*]

Affirmed

Filed: February 3, 1993

[Do Not Publish]
































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).
1. This Court ordered that this cause be submitted on the transcript and the statement of facts
of the indigency hearing. Appellant's counsel was directed to file a brief addressing the propriety
of the trial court's order overruling appellant's indigency motion at the hearing. Counsel was
further directed to brief any additional points of error that are apparent from the transcript and
partial statement of facts. Smith v. State, No. 3-91-130-CR (Tex. App.--Austin Aug. 14, 1991)
(not designated for publication).