**In re Mark D. LUEBE, Relator.**

**No. 01–98–01371–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 21, 1999.

Elise Martin-Simon, L..T. Bradt, Houston, for Relator.

Gae C. Preston, Houston, for Real Party Interest.

Before Justices COHEN, HEDGES, and TAFT.

## OPINION

MURRY B. COHEN, Justice.

Relator, Mark D. Luebe (Mark), seeks habeas corpus relief, asserting he is illegally restrained under the trial court's November 24, 1998 order of commitment. The judge held him in contempt for not paying $3780 in child support and ordered that he be incarcerated for three days for criminal contempt and, thereafter, for civil contempt, until he paid the arrearage. Mark was jailed for 23 days before we granted bail.

Brenda sought Mark's incarceration for contempt. Mark claimed he was indigent and requested appointed counsel. Pursuant to TEX. FAM. CODE ANN. § 157.163(b),(d) (Vernon 1996), the judge held an indigency hearing.

Mark testified his net pay was $600 to $700 per month, and his monthly expenses were $1,000. He just purchased a car for $1,500, using money from his mother. Mark testified he had not tried to borrow money from his family, and he would not request or accept money from them, even though they would probably loan it if asked.

The trial judge stated Mark's position made her unable to appoint counsel, and Mark responded that he would, therefore, have to waive counsel. The trial judge later signed an order stating Mark was not indigent and, thus, not entitled to counsel because he admitted he could probably borrow from relatives to hire an attorney, but he refused to do so.

■ In issue six, Mark asserts his due process rights were violated when the trial judge refused to appoint counsel.

Under section 157.163 of the Texas Family Code, if the trial judge determines that incarceration is a possible result from contempt proceedings, and the alleged contemnor requests court-appointed counsel, the judge may hear evidence to determine indigency.

TEX. FAM. CODE ANN. § 157.163(a),(d) (Vernon 1996). The judge must appoint counsel if she determines the alleged contemnor is indigent. TEX. FAM. CODE ANN § 157.163(e) (Vernon 1996). This statute protects the constitutional right to counsel for indigent people facing incarceration. *See Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972) (under the Sixth Amendment, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he had or waived counsel); *Ridgway v. Baker*, 720 F.2d 1409, 1415 (5th Cir.1983).

■ Section 157.163 gives no guidelines for determining indigency.[1] The parties cite no habeas cases considering whether a contemnor must, in order to prove indigency, attempt to borrow from relatives. However, contempt cases are considered quasi-criminal in nature, and their proceedings should conform as nearly as practicable to those in criminal cases. *Ex parte Sanchez*, 703 S.W.2d 955, 957 (Tex.1986).

■ No rigid standard exists for determining indigency for the purpose of appointing counsel. *Abdnor v. State*, 712 S.W.2d 136, 141–42 (Tex.Crim.App.1986); *Taylor v. State*, 799 S.W.2d 445, 446 (Tex.App.—Houston [1st Dist.] 1990). Whether one's relative is financially able to assist is not to be considered. *Taylor*, 799 S.W.2d at 446; *see also Staten v. State*, 662 S.W.2d 672, 674 (Tex. App.—Houston [14th Dist.] 1983) ("While there are no set standards for determination of indigency on appeal, the court is to look at the individual's financial status and not that of relatives or other sources."). In *Abdnor v. Ovard*, 653 S.W.2d 793, 794 (Tex.Crim.App. 1983), the court specifically rejected using a defendant's failure to borrow from relatives as a factor in determining indigency. Because contempt cases are quasi-criminal and their proceedings should resemble those in criminal cases, we will follow *Abdnor v. Ovard*.

In this case, the judge refused to appoint counsel because Mark would not borrow

1. That issue is addressed in Family Code section 157.008(c)(3) and (4), but that section does not deal with appointment of counsel. TEX. FAM. CODE ANN. § 157.008(c)(3),(4) (Vernon 1996). It deals with indigency as an affirmative defense for not paying child support.

money from relatives. Under the cited case law, that factor should not have been considered, and the record shows it led to a denial of counsel. Consequently, the commitment order must be set aside. We resolve issue six in Mark's favor. We need not decide the other issues.

We order the Sheriff of Harris County to release Mark from all restraint, including the $250 bond posted in this case to secure his release.