In re Gerhard Peter Pass 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-457-CV

IN RE GERHARD PETER PASS RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is a habeas corpus proceeding.  
The primary issue before us is whether Relator Gerhard Peter Pass 
knowingly waived his right to counsel.  Because we hold that he did not, we will sustain his first issue and grant his 
requested relief
.

Approximately one year after the trial court signed a divorce decree terminating the marriage between 
Real Party in Interest Suzanne Marie Tebbets (RPI) and Relator, RPI filed a motion for enforcement of child support, alleging that Relator had violated various terms of the divorce decree.  
The trial court subsequently heard RPI’s motion and signed an“Order Holding [Relator] in Contempt for Failure to Pay Child Support, Granting Judgment, and For Commitment to County Jail” and a “Writ of Commitment.”  Relator filed a petition for writ of habeas corpus and a motion for emergency stay with this court, and on the next day, we granted Relator’s petition for writ of habeas corpus and ordered Relator released on $500 bond pending our consideration of the relief requested in his petition for writ of habeas corpus
.  While Relator’s petition was pending with us, RPI filed with the trial court a motion to correct the prior contempt and commitment order, and the trial court signed a corrected order.

In his first issue, Relator argues that the trial court denied him the protections afforded by the Sixth Amendment.  Specifically, Relator claims that the trial court failed to appoint counsel for Relator after he claimed that he was indigent and had completed and filed an application for a court-appointed attorney and a financial affidavit.  RPI claims that Relator failed to establish his indigency and that Relator waived his right to counsel.  

The Texas Family Code outlines the procedure to be followed in family law enforcement proceedings.  
See
 
Tex. Fam. Code Ann.
 § 157.163 (Vernon 2002).  This statute requires the trial court to determine whether incarceration of the respondent is a possible result of the enforcement proceedings and, if it is, the trial court “shall inform a respondent not represented by an attorney of the right to be represented by an attorney and, if the respondent is indigent, of the right to the appointment of an attorney.”  
Id. 
§ 157.163(a), (b).  If the court determines that the respondent will not be incarcerated as a result of the proceedings, the court may require a respondent who is indigent to proceed without an attorney.  
Id.
 § 157.163(c).  Otherwise, the court shall appoint an attorney to represent the respondent if the court determines that the respondent is indigent.  
Id.
 § 157.163(e).  This statute requires courts to admonish 
pro se 
litigants of their right to counsel, regardless of whether they are indigent or not.  
Ex parte Acker
, 949 S.W.2d 314, 316 (Tex. 1997) (orig. proceeding).  Thus, a relator facing incarceration must be informed of his right to counsel and must either waive that right or be provided with court-appointed counsel.  
See Argersinger v. Hamlin
, 407 U.S. 25, 37, 92 S. Ct. 2006, 2012 (1972) (holding that under Sixth Amendment, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he had or waived counsel); 
see also In re Luebe
, 983 S.W.2d 889, 890 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (“[C]ontempt cases are considered quasi-criminal in nature, and their proceedings should conform as nearly as practicable to those in criminal cases.”).  In the absence of a knowing and intelligent waiver of the right to counsel made on the record, the order holding Relator in contempt is void.  
See Ex parte Gunther
, 758 S.W.2d 226, 226-27 (Tex. 1988) (orig. proceeding) (granting petition for writ of habeas corpus relief in part because absent knowing waiver of rights, trial court was without authority to hold Gunther in contempt); 
In re Lehr
, No. 04-05-00934-CV, 2006 WL 228941, at *1 (Tex. App.—San Antonio Feb. 1, 2006, orig. proceeding) (mem. op.).

Here, the reporter’s record details the dialog that the trial court had with Relator on this issue.  The trial court confirmed that incarceration was a possible result of the enforcement proceedings and then asked Relator if he was able to hire an attorney.  Relator said no, that he was unable to “come up with a retainer.”  The trial court asked how long it would take Relator to hire an attorney, and Relator said, “[P]robably take me a long time.”  Relator then said, “I can address the court,” and the following exchange occurred.

THE COURT:  You want to go ahead and proceed today without an attorney?

MR. PASS:  Sure.

THE COURT:  I beg your pardon?

MR. PASS:  Yes.

THE COURT:  And you understand that is dangerous to do that?  You are up against a very fine lawyer on the other side, been to law school for three years, practiced law for many years, sharp guy, knows what he’s doing here in the courtroom?  You don’t have any of those advantages.

MR. PASS:  Is it possible that I can get a lawyer from the Court?

THE COURT:  If you are indigent – and this is a criminal case.  You are looking at jail time – I will appoint you a lawyer.  All right.  Why don’t you come forward, fill out this affidavit.  I will take a look at it.  You got a pen?

MR. PASS:  Yes.

THE COURT:  You got one over there?  Go ahead and have a seat and fill it out.

And what do you want to do, Counsel?

MR. ALBIN:  Well, Judge, my client is in from Michigan.  She actually lives in Michigan, so they had to travel down here for the hearing.  So if we can actually try and get this done today, great.  If not, I would like to try and preserve testimony or do what we can to preserve testimony so she doesn’t have to come back.  But, obviously, I’m at the Court’s mercy on whatever the Court pleases.

THE COURT:  Well, if he’s indigent, I will appoint him a lawyer, or if he makes a claim under oath that he’s indigent, I will appoint him a lawyer.  We are probably not going to get that lawyer here today.  Any testimony you put on is not going to be subject to cross-examination, so they are probably going to have an objection to that.  So I don’t know that we are going to get it done today.

(Brief recess.)

THE COURT:  You may be seated.

Bring it right up.  Let me take a look at it.

(A document [the indigency affidavit] was tendered to the Court.)

THE COURT:  And do you swear the information contained in this affidavit is true and correct?

MR. PASS:  I do.

THE COURT:  You can take that back with you.

And you’re paying tuition?

MR. PASS:  That is actually my wife.

THE COURT:  And does your wife work?

MR. PASS:  Yes.  Part time.

THE COURT:  And does this money you have listed in here include her?

MR. PASS:  Yes, it does.

THE COURT:  I’m going to find that you are not indigent.  You are not entitled to represent – to a court-appointed attorney.

Have a seat, and we will proceed with the proceedings.  I will file this among the papers.

Movant may proceed.

Both the original contempt order, as well as the corrected or amended contempt order, state that “Gerhard Peter Pass, appeared in person, 
and having waived the right to counsel, announced ready for trial
.”  [Emphasis added].  Based on the totality of the exchange recited above, including Relator’s request for court-appointed counsel, we cannot agree that Relator knowingly waived his right to counsel.  The record reflects that Relator desired counsel; he said he tried to hire counsel but did not have enough funds for a retainer.  At this point, the trial court did not advise Relator of his right to counsel or his right to court-appointed counsel if he was indigent.  The trial court simply asked if Relator wanted to proceed without counsel.  Although Relator initially answered, “Sure,” this answer does not constitute a knowing waiver of counsel because at this point Relator had not been advised of his right to court-appointed counsel.  After the trial court admonished Relator on the dangers of self-representation, Relator did not waive his right to counsel or indicate a desire to proceed, he instead asked whether the court could provide him with a lawyer—implying that he did not want to proceed without a lawyer.  The trial court declined to find Relator indigent and declined to appoint counsel.  At this point, the trial court did not allow Relator the opportunity to hire counsel or confirm that Relator waived counsel.  
Compare In re Pruitt
, 6 S.W.3d 363, 365 n.3 (Tex. App.—Beaumont 1999, orig. proceeding) (holding waiver of right to counsel by non-indigent relator implied when trial court offered to continue case so relator could retain counsel and relator elected to proceed).  Here, the trial court instructed RPI to “proceed” with the enforcement motion.  There is nothing in the record to support the recitation in the judgment that Relator knowingly and intelligently waived his right to counsel.  Therefore, we sustain Relator’s first issue.  
See, e.g., In re Leon
, No. 01-04-00819-CV, 2004 WL 2306752, at *2-3 & n.3 (Tex. App.—Houston [1st
 Dist.] Oct. 14, 2004, orig. proceeding) (mem. op.) (recognizing trial court did not admonish relator of his right to be represented by a retained attorney if he was not indigent, but relator was aware of that right because he indicated he wanted a retained attorney; after finding of non-indigence, trial court should have allowed relator a reasonable time to obtain counsel); 
In re Kinchen
, No. 01-01-01076-CV, 2002 WL 24544, at *1 (Tex. App.—Houston [1st Dist.] Jan. 10, 2002, orig. proceeding) (mem. op.) (granting habeas relief because “
[t]he trial court did not admonish relator of her right to counsel, and the record shows she did not waive it”); 
In re Stowell
, No. 01-98-01372-CV, 1999 WL 21326, at *1 (Tex. App.—Houston [1st Dist.] Jan. 21, 1999, orig. proceeding) (mem. op.) (holding that relator should be released because his due process rights were violated when he was held in contempt without a knowing and intelligent waiver of his right to counsel).  Because our ruling on Relator’s first issue is dispositive of Relator’s petition, we need not consider his remaining three issues. 
 See
 
Tex. R. App. P.
 47.1.

Having
 sustained Relator’s first issue, we
 grant Relator’s requested relief and order him released from bond and discharged from custody.
 

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: March 16, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.