COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-457-CV

 

 

IN RE GERHARD PETER PASS                                                   RELATOR

 

                                                                                                        

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

This is a habeas corpus proceeding.  The primary issue before us is whether
Relator Gerhard Peter Pass knowingly waived his right to counsel.  Because we hold that he did not, we will
sustain his first issue and grant his requested relief.








Approximately one year after the trial court
signed a divorce decree terminating the marriage between Real Party in Interest
Suzanne Marie Tebbets (RPI) and Relator, RPI filed a motion for enforcement of
child support, alleging that Relator had violated various terms of the divorce
decree.  The trial court subsequently
heard RPI=s motion and signed anAOrder
Holding [Relator] in Contempt for Failure to Pay Child Support, Granting Judgment,
and For Commitment to County Jail@ and a AWrit of
Commitment.@ 
Relator filed a petition for writ of habeas corpus and a motion for emergency
stay with this court, and on the next day, we granted Relator=s
petition for writ of habeas corpus and ordered Relator released on $500 bond
pending our consideration of the relief requested in his petition for writ of
habeas corpus.  While Relator=s
petition was pending with us, RPI filed with the trial court a motion to
correct the prior contempt and commitment order, and the trial court signed a
corrected order.

In his first issue, Relator argues that the trial court
denied him the protections afforded by the Sixth Amendment.  Specifically, Relator claims that the trial
court failed to appoint counsel for Relator after he claimed that he was
indigent and had completed and filed an application for a court-appointed
attorney and a financial affidavit.  RPI
claims that Relator failed to establish his indigency and that Relator waived
his right to counsel.  













The Texas Family Code outlines the procedure to
be followed in family law enforcement proceedings.  See Tex.
Fam. Code Ann. ' 157.163 (Vernon 2002).  This statute requires the trial court to
determine whether incarceration of the respondent is a possible result of the
enforcement proceedings and, if it is, the trial court Ashall
inform a respondent not represented by an attorney of the right to be
represented by an attorney and, if the respondent is indigent, of the right to
the appointment of an attorney.@  Id. '
157.163(a), (b).  If the court determines
that the respondent will not be incarcerated as a result of the proceedings,
the court may require a respondent who is indigent to proceed without an
attorney.  Id. '
157.163(c).  Otherwise, the court shall
appoint an attorney to represent the respondent if the court determines that
the respondent is indigent.  Id. '
157.163(e).  This statute requires courts
to admonish pro se litigants of their right to counsel, regardless of
whether they are indigent or not.  Ex
parte Acker, 949 S.W.2d 314, 316 (Tex. 1997) (orig. proceeding).  Thus, a relator facing incarceration must be
informed of his right to counsel and must either waive that right or be
provided with court-appointed counsel.  See
Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S. Ct. 2006, 2012 (1972)
(holding that under Sixth Amendment, no person may be imprisoned for any
offense, whether classified as petty, misdemeanor, or felony, unless he had or
waived counsel); see also In re Luebe, 983 S.W.2d 889, 890 (Tex. App.CHouston
[1st Dist.] 1999, orig. proceeding) (A[C]ontempt
cases are considered quasi-criminal in nature, and their proceedings should
conform as nearly as practicable to those in criminal cases.@).  In the absence of a knowing and intelligent
waiver of the right to counsel made on the record, the order holding Relator in
contempt is void.  See Ex parte
Gunther, 758 S.W.2d 226, 226-27 (Tex. 1988) (orig. proceeding) (granting
petition for writ of habeas corpus relief in part because absent knowing waiver
of rights, trial court was without authority to hold Gunther in contempt); In
re Lehr, No. 04-05-00934-CV, 2006 WL 228941, at *1 (Tex. App.CSan
Antonio Feb. 1, 2006, orig. proceeding) (mem. op.).

Here, the reporter=s record
details the dialog that the trial court had with Relator on this issue.  The trial court confirmed that incarceration
was a possible result of the enforcement proceedings and then asked Relator if
he was able to hire an attorney.  Relator
said no, that he was unable to Acome up
with a retainer.@ 
The trial court asked how long it would take Relator to hire an
attorney, and Relator said, A[P]robably
take me a long time.@ 
Relator then said, AI can
address the court,@ and the following exchange
occurred.

THE COURT:  You want to go ahead
and proceed today without an attorney?

 

MR. PASS:  Sure.

 

THE COURT:  I beg your pardon?

 

MR. PASS:  Yes.

 








THE COURT:  And you understand
that is dangerous to do that?  You are up
against a very fine lawyer on the other side, been to law school for three
years, practiced law for many years, sharp guy, knows what he=s doing here in the
courtroom?  You don=t have any of those
advantages.

 

MR. PASS:  Is it possible that I
can get a lawyer from the Court?

 

THE COURT:  If you are indigent B and this is a criminal
case.  You are looking at jail time B I will appoint you a
lawyer.  All right.  Why don=t you come forward, fill out this affidavit.  I will take a look at it.  You got a pen?

 

MR. PASS:  Yes.

 

THE COURT:  You got one over
there?  Go ahead and have a seat and fill
it out.

 

And what do you want to do, Counsel?

 

MR. ALBIN:  Well, Judge, my client
is in from Michigan.  She actually lives
in Michigan, so they had to travel down here for the hearing.  So if we can actually try and get this done
today, great.  If not, I would like to
try and preserve testimony or do what we can to preserve testimony so she doesn=t have to come back.  But, obviously, I=m at the Court=s mercy on whatever the
Court pleases.

 

THE COURT:  Well, if he=s indigent, I will
appoint him a lawyer, or if he makes a claim under oath that he=s indigent, I will
appoint him a lawyer.  We are probably
not going to get that lawyer here today. 
Any testimony you put on is not going to be subject to
cross-examination, so they are probably going to have an objection to
that.  So I don=t know that we are going
to get it done today.

 

(Brief recess.)

 

THE COURT:  You may be seated.

 

Bring it right up.  Let me take
a look at it.

 

(A document [the
indigency affidavit] was tendered to the Court.)








THE COURT:  And do you swear the
information contained in this affidavit is true and correct?

 

MR. PASS:  I do.

 

THE COURT:  You can take that
back with you.

 

And you=re paying tuition?

 

MR. PASS:  That is actually my
wife.

 

THE COURT:  And does your wife
work?

 

MR. PASS:  Yes.  Part time.

 

THE COURT:  And does this money
you have listed in here include her?

 

MR. PASS:  Yes, it does.

 

THE COURT:  I=m going to find that you
are not indigent.  You are not entitled
to represent B to a court-appointed
attorney.

 

Have a seat, and we will proceed with the proceedings.  I will file this among the papers.

 

Movant may proceed.













Both the original contempt order, as well as the
corrected or amended contempt order, state that AGerhard
Peter Pass, appeared in person, and having waived the right to counsel,
announced ready for trial.@  [Emphasis added].  Based on the totality of the exchange recited
above, including Relator=s request for court-appointed
counsel, we cannot agree that Relator knowingly waived his right to counsel.  The record reflects that Relator desired
counsel; he said he tried to hire counsel but did not have enough funds for a
retainer.  At this point, the trial court
did not advise Relator of his right to counsel or his right to court-appointed
counsel if he was indigent.  The trial
court simply asked if Relator wanted to proceed without counsel.  Although Relator initially answered, ASure,@ this
answer does not constitute a knowing waiver of counsel because at this point
Relator had not been advised of his right to court-appointed counsel.  After the trial court admonished Relator on
the dangers of self-representation, Relator did not waive his right to counsel
or indicate a desire to proceed, he instead asked whether the court could
provide him with a lawyerCimplying that he did not want to
proceed without a lawyer.  The trial
court declined to find Relator indigent and declined to appoint counsel.  At this point, the trial court did not allow
Relator the opportunity to hire counsel or confirm that Relator waived
counsel.  Compare In re Pruitt, 6
S.W.3d 363, 365 n.3 (Tex. App.CBeaumont
1999, orig. proceeding) (holding waiver of right to counsel by non-indigent
relator implied when trial court offered to continue case so relator could
retain counsel and relator elected to proceed). 
Here, the trial court instructed RPI to Aproceed@ with
the enforcement motion.  There is nothing
in the record to support the recitation in the judgment that Relator knowingly
and intelligently waived his right to counsel. 
Therefore, we sustain Relator=s first
issue.  See, e.g., In re Leon, No.
01-04-00819-CV, 2004 WL 2306752, at *2-3 & n.3 (Tex. App.CHouston
[1st Dist.] Oct. 14, 2004, orig. proceeding) (mem. op.) (recognizing trial
court did not admonish relator of his right to be represented by a retained
attorney if he was not indigent, but relator was aware of that right because he
indicated he wanted a retained attorney; after finding of non-indigence, trial
court should have allowed relator a reasonable time to obtain counsel); In
re Kinchen, No. 01-01-01076-CV, 2002 WL 24544, at *1 (Tex. App.CHouston
[1st Dist.] Jan. 10, 2002, orig. proceeding) (mem. op.) (granting habeas relief
because A[t]he trial court
did not admonish relator of her right to counsel, and the record shows she did
not waive it@); In re Stowell, No.
01-98-01372-CV, 1999 WL 21326, at *1 (Tex. App.CHouston [1st
Dist.] Jan. 21, 1999, orig. proceeding) (mem. op.) (holding that relator should
be released because his due process rights were violated when he was held in
contempt without a knowing and intelligent waiver of his right to
counsel).  Because our ruling on Relator=s first issue is
dispositive of Relator=s petition, we need not consider his
remaining three issues.  See Tex. R. App. P. 47.1.

Having sustained Relator=s first
issue, we grant Relator=s requested relief and order him released
from bond and discharged from custody. 

 

 

 

SUE
WALKER








JUSTICE

 

PANEL B:   DAUPHINOT, WALKER, and MCCOY, JJ.

 

DELIVERED: March 16, 2006

 











[1]See Tex. R. App. P. 47.4.