In re Andrea Jane PRUITT.

No. 09–99–526 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Nov. 18, 1999.

Decided Dec. 9, 1999.

John E. Choate, Jr., Conroe, for appellant.

Eileen Gaffney, Houston, for real party in interest.

Before BURGESS, STOVER and HILL,* JJ.

## OPINION

DON BURGESS, Justice.

This is an original habeas corpus proceeding. Andrea Jane Pruitt filed her application for writ of habeas corpus with this court alleging her confinement was illegal because she was not afforded a court appointed attorney. This court, without the benefit of the entire record, considered the application, was of the tentative opinion that the writ should issue and admitted Ms. Pruitt to bail pending the final resolution of her application.

The court below found Ms. Pruitt in contempt for failing to allow her ex-husband child visitation on seven different occasions and assessed her punishment at one day confinement for each violation, for a total of seven days, but ordered four of those days suspended. The court further ordered the commitment to be from Friday, November 5, 1999, at 6:00 p.m. until 6:00 p.m. on Sunday, November 7, 1999.[1] In her application to this court, Ms. Pruitt sole issue is the judgment of contempt and commitment are void because she was not afforded a court appointed attorney.

## THE APPLICABLE LAW

### A. Burden of Proof

■■■ An original habeas corpus proceeding is a collateral attack on the contempt judgment. *See Ex parte Rohleder,* 424 S.W.2d 891, 892 (Tex.1967) (orig.proceeding). In a habeas corpus proceeding, a relator bears the burden to show the

---

* The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1998).

1. The judgment also contains other orders involving insurance and attorney's fees.

2. § 157.163. Appointment of Attorney

(a) In a motion for enforcement or motion to revoke community service, the court must first determine whether incarceration of the

contempt order is void and not merely voidable. *Ex parte Lowery,* 518 S.W.2d 897, 899 (Tex.Civ.App.—Beaumont 1975, orig. proceeding). A relator must conclusively show her entitlement to a writ. *Ex parte Crawford,* 506 S.W.2d 920, 922 (Tex. Civ.App.—Tyler 1974, orig. proceeding).

### B. Standard of Review

■■■ In an original habeas corpus proceeding, we do not have jurisdiction to weigh the evidence offered at the contempt hearing to determine whether it preponderates against the judgment. *Ex parte Helms,* 152 Tex. 480, 259 S.W.2d 184, 186 (1953) (orig.proceeding). We accord to the trial court the right to judge the witnesses' credibility and the weight given their testimony. *See Ex parte Elmore,* 161 Tex. 585, 342 S.W.2d 558, 561 (1961) (orig.proceeding).

■■■ As a reviewing court, we may only determine if the trial court's contempt findings are so completely without evidentiary support that the trial court's judgment is void because it deprives a relator of liberty without due process of law. *See Ex parte Helms,* 259 S.W.2d at 186. In short, we do not review the trial court's exercise of its discretion nor the sufficiency of the evidence to support the trial court's action. *Ex parte La Rocca,* 154 Tex. 618, 282 S.W.2d 700, 703 (1955) (orig.proceeding); *Ex parte Hosken,* 480 S.W.2d 18, 20 (Tex.Civ.App.—Beaumont 1972, orig. proceeding).

### C. The Statutory Mandate

TEX. FAM.CODE ANN. § 157.163 (Vernon 1996)[2] sets out the procedures for a case

---

respondent is a possible result of the proceedings.

(b) If the court determines that incarceration is a possible result of the proceedings, the court shall inform a respondent not represented by an attorney of the right to be represented by an attorney and, if the respondent is indigent, of the right to the appointment of an attorney.

(c) If the court determines that the respondent will not be incarcerated as a result of the

of this nature. The trial court correctly complied by informing Ms. Pruitt of her rights and hearing evidence on the question of Ms. Pruitt's indigency.[3]

## THE EVIDENCE

Ms. Pruitt testified she was gainfully employed and had gross earnings of approximately $1,000 per month plus she received child support of $109.62 per week. She stated she owned a mobile home and land and a car, with no mortgage against either. She acknowledged having received a lump sum payment of $1,000 in September, 1999, for previously unpaid child support. Ms. Pruitt further testified she had spoken with an attorney, but did not have the required retainer and she owed her previous attorney about $4,000.

## APPLYING THE LAW TO THE FACTS

Section 157.163 gives no guidelines for determining indigency. Nor does any rigid standard exist for determining indigency for the purpose of appointing counsel. *Abdnor v. State*, 712 S.W.2d 136, 141–42 (Tex.Crim.App.1986); *see also In re Luebe*, 983 S.W.2d 889, 890 (Tex.App.—Houston [1st Dist.] 1999, orig. proceeding). Therefore, in light of the burden of proof and the standard of review, Ms. Pruitt has

failed to demonstrate that the trial court's contempt findings are so completely without evidentiary support that the trial court's judgment is void. Consequently, she has not shown her entitlement to the writ. The application for writ of habeas corpus is denied. The cause is remanded for the entry of a new commitment order.[4]

WRIT DENIED.

---

proceedings, the court may require a respondent who is indigent to proceed without an attorney.

(d) If the respondent claims indigency and requests the appointment of an attorney, the court shall require the respondent to file an affidavit of indigency. The court may hear evidence to determine the issue of indigency.

(e) Except as provided by Subsection (c), the court shall appoint an attorney to represent the respondent if the court determines that the respondent is indigent.

(f) If the respondent is not in custody, an appointed attorney is entitled to not less than 10 days from the date of the attorney's appointment to respond to the movant's pleadings and prepare for the hearing.

(g) If the respondent is in custody, an appointed attorney is entitled to not less than five days from the date the respondent was taken into custody to respond to the movant's pleadings and prepare for the hearing.

(h) The court may shorten or extend the time for preparation if the respondent and the respondent's attorney sign a waiver of the time limit.

(i) The scope of the court appointment of an attorney to represent the respondent is limited to the allegation of contempt or of violation of community supervision contained in the motion for enforcement or motion to revoke community supervision.

3. The trial judge also offered to continue the case if Ms. Pruitt wanted to retain an attorney, but Ms. Pruitt elected to go forward pro se.

4. We remand because the trial court may have intended Ms. Pruitt's incarceration to coincide with a visitation weekend, thus we defer to the trial court to set the new weekend of incarceration.