COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-334-CV

IN RE HERBERT COHEN RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Relator Herbert Cohen filed this petition for habeas corpus after the trial found him in contempt of court for failing to pay child support, revoked his probation, and ordered him confined to jail for 180 days.  In one issue, Relator contends that the trial court violated his right to due process by failing to afford him the opportunity to retain counsel, failing to advise him of his right to counsel, and failing to appoint counsel on the basis of indigence when he did not waive his right to counsel. 
 Because the contempt order is void, we order Relator released from bond and discharged from custody.

The record shows that Relator had known about the hearing for almost five weeks but did not have counsel on the day of the hearing.  At the hearing, Relator announced that he was not ready, explained that he had only recently tracked down his prior attorney, who had been disbarred and who was to give Relator a copy of his file but had not yet done so, and said that he had been unable to find counsel.  The State responded that Relator was trying to delay the case and that he had been served in “plenty of time” to obtain counsel.
  The trial court told Relator that 

“there is a procedure that needs to be followed.  And it’s not a matter of woe-is-me.”

“And you’ve had plenty of time.  And you have not made this Court aware that you needed counsel.  You have done nothing until today [Sept. 15], and you were served on August the 9th
.”

“[W]e’ll proceed with the hearing.”

Our review of the record confirms that the trial court did not advise Relator of his right to counsel and that
 Relator did not waive his right to counsel. 
 While the State argues that the failure to advise Relator was harmless, the State does not address the important fact that Relator did not knowingly and intelligently waive his right to counsel.  Contrary to the State’s position, we believe that a recent memorandum opinion by this court, 
In re Pass
,
(footnote: 2) is directly on point:

The Texas Family Code outlines the procedure to be followed in family law enforcement proceedings.  
See 
Tex. Fam. Code Ann.
 § 157.163 (Vernon 2002).  This statute requires the trial court to determine whether incarceration of the respondent is a possible result of the enforcement proceedings and, if it is, the trial court “shall inform a respondent not represented by an attorney of the right to be represented by an attorney and, if the respondent is indigent, of the right to the appointment of an attorney.”  
Id.
 § 157.163(a), (b).  . . . [T]he court shall appoint an attorney to represent the respondent if the court determines that the respondent is indigent.  
Id.
 § 157.163(e).  
This statute requires courts to admonish pro se litigants of their right to counsel, regardless of whether they are indigent or not. 
 
Ex parte Acker
, 949 S.W.2d 314, 316 (Tex. 1997) (orig. proceeding). 
 Thus, a relator facing incarceration must be informed of his right to counsel and must either waive that right or be provided with court-appointed counsel.
  
See Argersinger v. Hamlin
, 407 U.S. 25, 37, 92 S. Ct. 2006, 2012, 32 L.Ed.2d 530 (1972) . . . .  
In the absence of a knowing and intelligent waiver of the right to counsel made on the record, the order holding Relator in contempt is void. See Ex parte Gunther
, 758 S.W.2d 226, 226-27 (Tex. 1988) (orig. proceeding) (granting petition for writ of habeas corpus relief in part because absent knowing waiver of rights, trial court was without authority to hold Gunther in contempt). . . .

. . . . 

. . . . The record reflects that Relator desired counsel; he said he tried to hire counsel but did not have enough funds for a retainer.  At this point, the trial court did not advise Relator of his right to counsel or his right to court-appointed counsel if he was indigent.  The trial court simply asked if Relator wanted to proceed without counsel.  Although Relator initially answered, “Sure,” this answer does not constitute a knowing waiver of counsel because at this point Relator had not been advised of his right to court-appointed counsel.  After the trial court admonished Relator on the dangers of self-representation, Relator did not waive his right to counsel or indicate a desire to proceed, he instead asked whether the court could provide him with a lawyer—implying that he did not want to proceed without a lawyer.  The trial court declined to find Relator indigent and declined to appoint counsel.  At this point, the trial court did not allow Relator the opportunity to hire counsel or confirm that Relator waived counsel.  
Compare In re Pruitt
, 6 S.W.3d 363, 365 n.3 (Tex. App.—Beaumont 1999, orig. proceeding) (holding waiver of right to counsel by non-indigent relator implied when trial court offered to continue case so relator could retain counsel and relator elected to proceed).  Here, the trial court instructed RPI to “proceed” with the enforcement motion. There is nothing in the record to support the recitation in the judgment that Relator knowingly and intelligently waived his right to counsel.  Therefore, we sustain Relator’s first issue.  
See
,
 e.g.
,
 In re Leon
, No. 01-04-00819-CV, 2004 WL 2306752, at *2-3 & n.3 (Tex. App.—Houston [1st Dist.] Oct. 14, 2004, orig. proceeding) (mem. op.) (recognizing trial court did not admonish relator of his right to be represented by a retained attorney if he was not indigent, but relator was aware of that right because he indicated he wanted a retained attorney; after finding of non-indigence, trial court should have allowed relator a reasonable time to obtain counsel); 
In re Kinchen
, No. 01-01-01076-CV, 2002 WL 24544, at *1 (Tex. App.—Houston [1st Dist.] Jan. 10, 2002, orig. proceeding) (mem. op.) (granting habeas relief because “[t]he trial court did not admonish relator of her right to counsel, and the record shows she did not waive it”); 
In re Stowell
, No. 01-98-01372-CV, 1999 WL 21326, at *1 (Tex. App.—Houston [1st Dist.] Jan. 21, 1999, orig. proceeding) (mem. op.) (holding that relator should be released because his due process rights were violated when he was held in contempt without a knowing and intelligent waiver of his right to counsel).
(footnote: 3)

The record in the case before us does not indicate that any previous continuances regarding the contempt hearing were granted to any party, and it reveals that the trial court did not admonish Relator about his right to counsel or his right to appointed counsel if found indigent, that Relator wanted an attorney and time to get one, that Relator did not want to proceed with the hearing, and that Relator did not waive his right to counsel.  In fact, the judgment shows the following:

HERBERT COHEN
, 
father
 of the child, hereinafter referred to as Obligor, 

[X] appeared in person 
(and by attorney) 
[“pro se” handwritten]
);

[  ] appeared in person Pro Se and was advised of his rights, including the right to court appointed attorney if found indigent.  The Court finds that 
HERBERT COHEN
 knowingly and intelligently waived his rights and proceeded Pro Se.

Tellingly, the box indicating that Relator had been advised of his rights and waived them was left unchecked.

Accordingly, based on this court’s recent precedent, we hold that Relator did not waive his right to counsel and that the contempt order is therefore void.
(footnote: 4)  Consequently, we sustain Relator’s issue in part and do not reach his remaining subissues.
(footnote: 5)  Because the contempt order is void, we order Relator released from bond and discharged from custody.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED:  November 30, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
No. 02-05-00457-CV, 2006 WL 668744 (Tex. App.—Fort Worth Mar. 16, 2006, orig. proceeding).

3:
Id.
 at *1-3 (emphasis added).

4:
See id.
 at *3-4.

5:
See id.
; 
Tex. R. App. P.
 47.1.