COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-334-CV

 

 

IN RE HERBERT COHEN                                                           RELATOR

 

                                              ------------

 

ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Relator Herbert Cohen filed
this petition for habeas corpus after the trial found him in contempt of court
for failing to pay child support, revoked his probation, and ordered him
confined to jail for 180 days.  In one
issue, Relator contends that the trial court violated his right to due process
by failing to afford him the opportunity to retain counsel, failing to advise
him of his right to counsel, and failing to appoint counsel on the basis of
indigence when he did not waive his right to counsel.  Because the contempt order is void, we order
Relator released from bond and discharged from custody.

The record shows that Relator
had known about the hearing for almost five weeks but did not have counsel on
the day of the hearing.  At the hearing,
Relator announced that he was not ready, explained that he had only recently
tracked down his prior attorney, who had been disbarred and who was to give
Relator a copy of his file but had not yet done so, and said that he had been
unable to find counsel.  The State responded
that Relator was trying to delay the case and that he had been served in Aplenty of time@ to obtain
counsel.  The trial court told Relator
that 

$                  
Athere
is a procedure that needs to be followed. 
And it=s not
a matter of woe-is-me.@

 

$                  
AAnd
you=ve
had plenty of time.  And you have not
made this Court aware that you needed counsel. 
You have done nothing until today [Sept. 15], and you were served on
August the 9th.@

 

$                  
A[W]e=ll
proceed with the hearing.@

 








Our review of the record
confirms that the trial court did not advise Relator of his right to counsel
and that Relator did not waive his right to counsel.  While the State argues that the failure to
advise Relator was harmless, the State does not address the important fact that
Relator did not knowingly and intelligently waive his right to counsel.  Contrary to the State=s position, we believe that a recent memorandum opinion by this court,
In re Pass,[2]
is directly on point:

The
Texas Family Code outlines the procedure to be followed in family law
enforcement proceedings.  See Tex. Fam. Code Ann. '
157.163 (Vernon 2002).  This statute
requires the trial court to determine whether incarceration of the respondent
is a possible result of the enforcement proceedings and, if it is, the trial
court Ashall
inform a respondent not represented by an attorney of the right to be
represented by an attorney and, if the respondent is indigent, of the right to
the appointment of an attorney.@  Id. '
157.163(a), (b).  . . . [T]he court shall
appoint an attorney to represent the respondent if the court determines that
the respondent is indigent.  Id. '
157.163(e).  This statute requires
courts to admonish pro se litigants of their right to counsel, regardless of
whether they are indigent or not.  Ex
parte Acker, 949 S.W.2d 314, 316 (Tex. 1997) (orig. proceeding).  Thus, a relator facing incarceration must be
informed of his right to counsel and must either waive that right or be
provided with court‑appointed counsel.  See Argersinger v. Hamlin, 407 U.S.
25, 37, 92 S. Ct. 2006, 2012, 32 L.Ed.2d 530 (1972) . . . .  In the absence of a knowing and
intelligent waiver of the right to counsel made on the record, the order holding
Relator in contempt is void. See Ex parte Gunther, 758 S.W.2d 226, 226‑27
(Tex. 1988) (orig. proceeding) (granting petition for writ of habeas corpus
relief in part because absent knowing waiver of rights, trial court was without
authority to hold Gunther in contempt). . . .

 

. . . . 

 













. . . . The record reflects that Relator desired
counsel; he said he tried to hire counsel but did not have enough funds for a
retainer.  At this point, the trial court
did not advise Relator of his right to counsel or his right to court‑appointed
counsel if he was indigent.  The trial
court simply asked if Relator wanted to proceed without counsel.  Although Relator initially answered, ASure,@ this
answer does not constitute a knowing waiver of counsel because at this point
Relator had not been advised of his right to court‑appointed
counsel.  After the trial court
admonished Relator on the dangers of self‑representation, Relator did not
waive his right to counsel or indicate a desire to proceed, he instead asked
whether the court could provide him with a lawyerCimplying
that he did not want to proceed without a lawyer.  The trial court declined to find Relator
indigent and declined to appoint counsel. 
At this point, the trial court did not allow Relator the opportunity to
hire counsel or confirm that Relator waived counsel.  Compare In re Pruitt, 6 S.W.3d 363,
365 n.3 (Tex. App.CBeaumont
1999, orig. proceeding) (holding waiver of right to counsel by non‑indigent
relator implied when trial court offered to continue case so relator could
retain counsel and relator elected to proceed). 
Here, the trial court instructed RPI to Aproceed@ with
the enforcement motion. There is nothing in the record to support the
recitation in the judgment that Relator knowingly and intelligently waived his
right to counsel.  Therefore, we sustain
Relator=s
first issue.  See, e.g.,
In re Leon, No. 01‑04‑00819‑CV, 2004 WL 2306752, at *2‑3
& n.3 (Tex. App.CHouston
[1st Dist.] Oct. 14, 2004, orig. proceeding) (mem. op.) (recognizing trial
court did not admonish relator of his right to be represented by a retained
attorney if he was not indigent, but relator was aware of that right because he
indicated he wanted a retained attorney; after finding of non‑indigence,
trial court should have allowed relator a reasonable time to obtain counsel); In
re Kinchen, No. 01‑01‑01076‑CV, 2002 WL 24544, at *1
(Tex. App.CHouston
[1st Dist.] Jan. 10, 2002, orig. proceeding) (mem. op.) (granting habeas relief
because A[t]he
trial court did not admonish relator of her right to counsel, and the record
shows she did not waive it@); In re Stowell, No.
01‑98‑01372‑CV, 1999 WL 21326, at *1 (Tex. App.CHouston
[1st Dist.] Jan. 21, 1999, orig. proceeding) (mem. op.) (holding that relator
should be released because his due process rights were violated when he was
held in contempt without a knowing and intelligent waiver of his right to
counsel).[3]

 

The record in the case before
us does not indicate that any previous continuances regarding the contempt
hearing were granted to any party, and it reveals that the trial court did not
admonish Relator about his right to counsel or his right to appointed counsel
if found indigent, that Relator wanted an attorney and time to get one, that
Relator did not want to proceed with the hearing, and that Relator did not
waive his right to counsel.  In fact, the
judgment shows the following:

HERBERT
COHEN, father of the child, hereinafter referred to as Obligor, 

 

[X]    appeared in person (and by attorney) [Apro
se@
handwritten]);

 

[  ]    appeared
in person Pro Se and was advised of his rights, including the right to court
appointed attorney if found indigent. 
The Court finds that HERBERT COHEN knowingly and intelligently
waived his rights and proceeded Pro Se.

 

Tellingly, the box indicating that Relator had
been advised of his rights and waived them was left unchecked.








Accordingly, based on this
court=s recent precedent, we hold that Relator did not waive his right to
counsel and that the contempt order is therefore void.[4]  Consequently, we sustain Relator=s issue in part and do not reach his remaining subissues.[5]  Because the contempt order is void, we order
Relator released from bond and discharged from custody.

 

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL A:   DAUPHINOT, GARDNER,
and MCCOY, JJ.

DELIVERED: 
November 30, 2006

 











[1]See Tex.
R. App. P. 47.4.





[2]No. 02-05-00457-CV, 2006 WL 668744
(Tex. App.CFort Worth Mar. 16, 2006, orig.
proceeding).





[3]Id. at *1-3 (emphasis added).





[4]See
id. at *3-4.





[5]See id.; Tex.
R. App. P. 47.1.