

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00138-CV
_____


### IN RE:  ROWENA J. DANIELS


Original Habeas Corpus Proceeding


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Rowena J. Daniels has filed a petition seeking habeas corpus relief from this Court. She is presently incarcerated in the Hopkins County Jail for six months after having been held in contempt by the 62nd Judicial District Court. It appears from her petition that the trial court entered an order disbarring Daniels from the practice of law in 2003. The State Bar/Commission for Lawyer Discipline sought and obtained an order of contempt based on her violation of that order.

Daniels raises several issues, each of which is based upon alleged shortcomings in the facts proven at the contempt hearing.

As attachments to her petition, Daniels has provided us with a copy of several of the relevant documents, including the motion for contempt and order of contempt. *See* TEX. R. APP. P. 52.7. However, there is no record from the hearing on the contempt proceeding, and it appears that none has been requested.

The relator has the burden to establish that the evidence does not support the lower court's contempt order, *Ex parte Barlow*, 899 S.W.2d 791, 794 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding), and to conclusively show the entitlement to the writ, *In re Pruitt*, 6 S.W.3d 363, 364 (Tex. App.—Beaumont 1999, orig. proceeding). Thus, the relator must bring forward an adequate record to establish the invalidity of the order of which he complains. *See* TEX. R. APP. P. 52.7; *In re Lausch*, 177 S.W.3d 144, 150, 155–56 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding). In reviewing an order of contempt, this Court must take into consideration the entire

2

record, including evidence offered at the contempt hearing, to determine whether due process has been accorded the relator. *Ex parte Cardwell*, 416 S.W.2d 382, 384 (Tex. 1967) (orig. proceeding); *Ex parte Elmore*, 161 Tex. 585, 342 S.W.2d 558, 561 (1961) (orig. proceeding); *Ex parte Cox*, 479 S.W.2d 110, 113 (Tex. Civ. App.—Houston [1st Dist.] 1972, orig. proceeding); *Ex parte Fiedler*, 446 S.W.2d 698, 700 (Tex. Civ. App.—San Antonio 1969, orig. proceeding).

In the absence of an adequate record to establish the invalidity of the order, and in the absence of a complete reporter's record, this Court will presume that the evidence supported the trial court's contempt judgment. *See Ex parte Savelle*, 398 S.W.2d 918, 921 (Tex. 1966).

We deny the petition for writ of habeas corpus.

Bailey C. Moseley
Justice

Date Submitted:     December 4, 2008
Date Decided:      December 5, 2008