02-12-129-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00129-CV

 

 


 
 
 In re William J. Marks
 
 
  
 
 
 RELATOR
 
 


 

 

----------

ORIGINAL PROCEEDING

----------

OPINION

----------

I.  Introduction

This
is a habeas corpus proceeding.  The primary issue before us is whether Relator
William J. Marks knowingly and intelligently waived his right to counsel. 
Because we hold that the totality of circumstances demonstrates that Marks did
waive his right to counsel, we overrule Marks’s sole issue and deny his
requested relief.

II.  Background

The
trial court held a hearing on Real Party in Interest’s, Rebecca Blocker (RPI),
Third Amended Motion for Enforcement of Child Support on March 23, 2012.  At
the beginning of the hearing, the following colloquy took place between the
trial court and Marks:

[Trial Court]:   Mr.
Marks, you are charged with contempt of this court.  As such, you’re entitled
to be represented by an attorney and if you’re too poor to afford one, a court
appointed attorney will represent you.  You’re entitled to have a record of
this hearing made by a court reporter.

 

          The
contempt charge against you must be proven beyond a reasonable doubt.  You have
the right to remain silent and not make any statements and you may not be
forced to testify in this hearing if you do not wish to do so.

 

          If the
written charging instrument requests that you be imprisoned for more than six
months or requests you be fined more than $500.00 you have the right to a jury
trial on the contempt charge. 

 

          Do you
understand those rights, Mr. Marks?

 

[Marks]:  Yes, sir.

 

[Trial Court]:   Do
you want to waive your right to remain silent?

 

[Marks]:  Yes, sir.

 

[Trial Court]:   All
right.  The Court will find that Mr. Marks has been warned of his rights under
the Fifth Amendment of the United States Constitution.  He has voluntarily
waived his right to remain silent and has elected to testify here today.

 

          You may
proceed, [RPI’s attorney].

From
there, the trial court conducted the contempt hearing and found that Marks
violated the terms of a previous court order; namely, that Marks failed to file
a certificate of completion regarding parenting classes with the clerk of the
trial court by the date required under the trial court’s previous order, and
that Marks failed to timely notify RPI, the trial court, or the State
Disbursement Registry of his changed address.  The trial court assessed
punishment at 180 days’ confinement in the county jail for each separate
violation, with the sentences to run concurrently.  This habeas followed.

III.  Discussion

In
his sole issue, Marks argues that the trial court’s order to confine him to
jail is void because he did not knowingly and voluntarily waive his right to
have counsel present at the hearing.  We disagree.

A.      Standard
of Review

Marks’s
original habeas corpus proceeding in this court is a collateral attack on the
contempt order.  Ex parte Dustman, 538 S.W.2d 409, 410 (Tex.
1976) (orig. proceeding).  As such, Marks may be relieved of that order only if
the judgment is void.  Id.; Ex parte Thetford, 369 S.W.2d
924, 925 (Tex. 1963) (orig. proceeding).  When collaterally attacked in a
habeas corpus proceeding, a judgment is presumed valid until the relator has
discharged his burden showing otherwise.  Ex parte Occhipenti, 796
S.W.2d 805, 808–09 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding).

B.      Family
Law Contempt Proceedings and the Right to Counsel 

Family
law contempt proceedings are considered quasi-criminal in nature, and their
proceedings should conform as nearly as practicable to those in criminal
cases.  Ex parte Sanchez, 703 S.W.2d 955, 957 (Tex. 1986) (orig.
proceeding); see also In re Luebe, 983 S.W.2d 889, 890 (Tex.
App.—Houston [1st Dist.] 1999, orig. proceeding) (“[C]ontempt cases are
considered quasi-criminal in nature, and their proceedings should conform as
nearly as practicable to those in criminal cases.”).  The United States
Constitution’s Fourteenth Amendment guarantee of due process incorporates the
Sixth Amendment assurance that the accused in a family law contempt proceeding
has the right to counsel if contemnor is at risk of incarceration.  In re
Butler, 45 S.W.3d 268, 271 (Tex. App.—Houston [1st Dist.] 2001, orig.
proceeding) (citing Ridgway v. Baker, 720 F.2d 1409, 1413 (5th Cir. 1983)).

To
this end, the family code outlines the procedure to be followed in family law
enforcement proceedings.  See Tex. Fam. Code Ann. § 157.163 (West
2008).  This statute requires the trial court to determine whether
incarceration of the respondent is a possible result of the enforcement
proceedings and, if it is, the trial court “shall inform a respondent not
represented by an attorney of the right to be represented by an attorney and,
if the respondent is indigent, of the right to the appointment of an attorney.”
 Id. § 157.163(a), (b).  If the court determines that the
respondent will not be incarcerated as a result of the proceedings, the court
may require a respondent who is indigent to proceed without an attorney.  Id.
§ 157.163(c).  Otherwise, the court shall appoint an attorney to represent
the respondent if the court determines that the respondent is indigent.  Id.
§ 157.163(e).

This
statute requires courts to admonish pro se litigants of their right to
counsel, regardless of whether they are indigent or not.  Ex parte
Acker, 949 S.W.2d 314, 316 (Tex. 1997) (orig. proceeding).  Thus, a
contemnor facing incarceration must be informed of his right to counsel and
must either waive that right or be provided with court-appointed counsel.  See
Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S. Ct. 2006, 2012 (1972)
(holding that under Sixth Amendment, no person may be imprisoned for any
offense, whether classified as petty, misdemeanor, or felony, unless he had or
waived counsel).  Section 157.163’s admonishments make an alleged contemnor aware
of his right to counsel when incarceration is a possible result of the
proceedings.  Presumably, once aware of the right to counsel, the alleged
contemnor can then intelligently exercise the right or waive it.  In re
Henderson, No. 10-12-00005-CV, 2012 WL 638457, at *3 (Tex. App.—Waco Feb.
15, 2012, orig. proceeding) (mem. op).

In
the absence of a knowing and intelligent waiver of the right to counsel made on
the record, the order holding relator in contempt is void.  See Ex parte
Gunther, 758 S.W.2d 226, 226–27 (Tex. 1988) (orig. proceeding) (granting
petition for writ of habeas corpus relief in part because absent knowing waiver
of rights, trial court was without authority to hold Gunther in contempt).  An
intelligent and voluntary waiver of the right to counsel occurs in a family law
contempt proceeding when two events occur.  First, the trial court admonishes
contemnor according to section 157.163.  See Tex. Fam. Code Ann. § 157.163;
see also Acker, 949 S.W.2d at 316 (holding that trial court’s
failure to admonish contemnor of her right to counsel under 157.163 rendered
subsequent contempt order void, despite the fact parties had agreed to the
contempt order); In re Pass, No. 02–05–00457–CV, 2006 WL 668744, *3
(Tex. App.—Fort Worth Mar. 16, 2006, orig. proceeding) (mem. op.) (holding that
contemnor’s answer of “[s]ure” to trial court request to proceed with contempt
hearing an invalid waiver of right to counsel because trial court had not yet
admonished contemnor under 157.163).  Second, the contemnor must waive those
rights, and that waiver must be made on the record.  In re Leon,
No. 01-04-00819-CV, 2004 WL 2306752, at *2–3  (Tex. App.—Houston [1st Dist.]
Oct. 14, 2004, orig. proceeding) (mem. op.) (holding that relator had not
waived his right to counsel because trial court held contempt hearing in which
incarceration was a possibility but denied relator’s requests to be allowed
time to retain counsel); In re Pruitt, 6 S.W.3d 363, 365 n.3 (Tex. App.—Beaumont
1999, orig. proceeding) (holding valid waiver of right to counsel by
non-indigent contemnor occurred when trial court admonished according to 157.163,
inquired whether contemnor wished to continue hearing in order to obtain
counsel, and contemnor elected to proceed).

In
this case, the trial court admonished Marks according to family code 157.163. 
Specifically, the trial court informed Marks that he had the right to have
counsel present and that if he could not afford one, one would be provided for
him.  Marks acknowledged to the trial court that he understood these rights. 
The trial court also went beyond the mandates of family code section 157.163 by
informing Marks that he had the constitutional right to remain silent and that
he did not have to testify at the hearing.  Marks also acknowledged this right
and indicated that he wished to waive it.  The trial court, on the record,
found that Marks had been informed of his rights and had “elected to testify
here today.”  Furthermore, the record also indicates that Marks did in fact have
retained counsel regarding numerous proceedings related to RPI’s attempts to
enforce child support.  Marks even discussed the trial court’s previous order
that he pay child support and acknowledged that he had not read it “[be]cause I
have an attorney.”  There is also evidence presented by RPI that in
relationship to the numerous proceedings regarding this cause, Marks signed an
appearance document specifically stating, “I have been advised by the court
that I have the right to employ an attorney to represent me in this matter at
this time or at a later date.”  Based on the totality of the circumstances, the
record supports that Marks knowingly and intelligently waived his right to
counsel and elected to proceed with the contempt hearing.  See Pruitt, 6
S.W.3d at 365 (denying relator’s writ of habeas corpus where trial court
properly complied with the strictures of family code 157.163).  We overrule
Marks’s sole issue and deny his requested relief.

IV. Conclusion

Having
overruled Marks’s sole issue, he has not shown entitlement to the writ.  Accordingly,
we deny his writ for habeas corpus.

 

 

BILL MEIER
JUSTICE

 

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

 

DELIVERED: 
April 19, 2012