# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-19-00355-CV
_____

### IN RE JOSHUA LEROY JAROS

**Original Proceeding**
**County Court at Law No. 3 of Montgomery County, Texas**
**Trial Cause No. 14-05-05366-CV**

### MEMORANDUM OPINION

Joshua Leroy Jaros filed an original petition for habeas corpus with this Court, alleging that he is illegally confined for punitive contempt pursuant to a child support enforcement order of the County Court at Law No. 3 of Montgomery County, Texas, in trial cause number 14-05-05366-CV.[1] For the reasons stated herein, we deny the petition.

_____

[1] The petition was filed by a non-lawyer on behalf of Jaros, purportedly under article 11.12 of the Texas Code of Criminal Procedure. The petition was not signed by Jaros; however, Jaros subsequently personally signed and filed a motion referencing the petition and requesting relief relating thereto. We conclude that Jaros's filing of the motion in the original proceeding constituted an adoption of the

BACKGROUND

On August 1, 2019, the trial court held a status conference after a pending enforcement action was remanded to the State trial court from federal court. During that status conference, the trial court stated on the record that the trial judge was familiar with the underlying history of the case, the trial judge had also presided over the divorce and custody case in 2014, the trial judge was the judge that signed the divorce decree in 2015, and presided over several enforcement actions, that the Office of the Attorney General had filed a motion to enforce support and that motion was the only pending issue in the case. The trial judge instructed Mr. Jaros as follows:

> THE COURT: . . . The OAG has filed a motion to enforce child support. It is the second motion to enforce child support. It is the only

_____

petition for habeas corpus. *See* Tex. R. App. P. 9.1; *see also generally* Tex. R. App. P. 2. Jaros did not provide a certificate of confinement, but in his Response to his Petition, the Office of the Attorney General alleges that Jaros is in custody of the Montgomery County Jail where he has been since September 26, 2019. This Court does not have original jurisdiction over petitions filed under Article 11. *See* Tex. Code Crim. Proc. Ann. art. 11.05. We do have original jurisdiction over applications for habeas relief under section 22.221(d) of the Texas Government Code, and we therefore construe this claim as a habeas petition under section 22.221. *See* Tex. Gov't Code Ann. § 22.221(d). Under Rule 9.1(b) of the Texas Rules of Appellate Procedure, a non-represented party must sign the petition personally. *See* Tex. R. App. P. 9.1(b). When an unauthorized person files a document on behalf of someone else, we may allow the relator to sign the petition and relate the filing back to the date we received the original.

thing that is pending in this action. It's a very straightforward motion. It's very clearly worded.

It asserts that there is a prior order ordering child support. It asserts that you violated the order. It specifies exactly what you are supposed to do on what dates and the allegations of whether or not you violated that order on those dates and in those amounts. It's very simple. It's very straightforward. It has been pending now for more than a year, and so you've had adequate time to figure out what your rights are and have representation. The Court will appoint a lawyer for you if you are indigent and ask me to appoint a lawyer.

. . . .

THE COURT: Okay. So, Mr. Jaros, I order that you return to court, this court, this place, on August 30, 2019 at 9:00 a.m. for a hearing on the pending enforcement action.

Now, you are entitled to be informed of certain rights. At that hearing, you have a right to remain silent. You do not have to testify in that case should you desire not to, and that's because the [OAG] is seeking an order of contempt and an order of confinement in the county jail; and therefore this is a quasi[-]criminal proceeding. Therefore, you do not have to testify in this case. You do not have the burden of proof. The burden of proof is solely on the Attorney General's Office. You have a right to counsel. Do you wish to be appointed counsel?

MR. JAROS: I do not. I would ask . . . what will be the burden of proof?

THE COURT: Okay. So you should seek your counsel. If you want to represent yourself, represent yourself. If you want your questions answered, then retain counsel. You will have a record made of this proceeding[.]

On September 26, 2019, the trial court conducted a hearing on the OAG's motion for enforcement of the child support order. Jaros appeared pro se. Before the hearing began, the trial judge stated as follows:

3

I . . . take notice of the Court's file that I have previously given Mr. Jaros the required information concerning his right to counsel and his right to remain silent and his right to have a record made of this proceeding. I am, however, going to repeat that information for Mr. Jaros.

Mr. Jaros, this motion that we are considering this afternoon requests that the Court find you in contempt of court. The motion requests that you be incarcerated if I find you in contempt of court. Therefore, this is a quasi[-]criminal proceeding that entitles you to be given information concerning certain rights in this matter.

. . . .

You have a right to have counsel represent you in this proceeding. If you cannot afford counsel and request that counsel be appointed for you, if the Court finds that you are indigent, that you cannot afford counsel, the Court will appoint an attorney to represent you.

Jaros responded, "I would like to have an attorney," and Jaros stated that he could not afford to retain counsel. The trial court informed Jaros that he needed to complete a statement of financial inability, and Jaros stated that he had previously filed one in another case.[2] The trial judge responded, "we want you to fill out one that is current as of today[,]" and the assistant attorney general provided Jaros with a form, which Jaros completed. According to the reporter's record, the parties then

---

[2] There is no indication in the reporter's record that Jaros presented any of his prior affidavits to the trial court during the hearing. In the appendix Jaros attached to his petition in our court, he attached a copy of two affidavits that appear to have been previously filed by him in other cases. The prior affidavits appear to pertain to his alleged inability to afford court costs or an appeal bond.

went off the record, and upon reopening the record, the trial judge stated that she had received Jaros's declaration of financial inability to employ counsel and the trial judge ruled, "I find that you do not meet the criteria of indigency to receive court-appointed counsel[.]" The evidentiary hearing then proceeded.

After hearing testimony and arguments at the enforcement hearing, the trial court signed an "Order Enforcing Child Support Obligation" finding Jaros was $18,037.79 in arrears, granting judgment in favor of the OAG for that amount, and ordering Jaros to be committed to the county jail for 180 days for each count of contempt, with the commitments to run concurrently. The order also states that Jaros appeared pro se. The face of the order is silent regarding whether Jaros was advised of his rights, including the right to a court-appointed attorney. However, the Reporter's Record demonstrates the trial court advised Jaros of his rights.

## SUMMARY OF JAROS'S ARGUMENTS

In his petition for habeas corpus, Jaros argues that the contempt order is void on its face because it does not state that Jaros was advised of his rights, including the right to a court-appointed attorney if he were found indigent. Jaros asserts that the order states on its face that he was subject to confinement, "but was not informed of his rights to an attorney including a court[-]appointed attorney[.]" Jaros also contends the order "should be overturned or declared void" because the trial court

5

incorrectly denied his request for an appointed attorney. According to Jaros, his affidavit of inability to afford costs "went unchallenged and therefore [his] indigent status had been established in the trial court at the time of the contempt trial." Jaros maintains that without an area on the affidavit form for him to list his expenses, the trial court could not have properly determined his ability to hire an attorney.

Jaros cites to *Higgins v. Randall Cty. Sheriff's Office*, 257 S.W.3d 684 (Tex. 2008), *Griffin Indus., Inc. v. Thirteenth Court of Appeals*, 934 S.W.2d 349 (Tex. 1996), and *Pinchback v. Hockless*, 164 S.W.2d 19 (Tex. 1942), and he argues that the trial court failed to follow the guidelines and rules set forth by the Supreme Court of Texas when determining his ability "to afford costs[]" and in "determining indigence." Citing *In re C.H.C.*, 331 S.W.3d 426 (Tex. 2011), as well as Rule 145 of the Texas Rules of Civil Procedure, Jaros contends that the trial court was required to take the allegations in his affidavit of indigency as true.

Jaros also generally alleges that the trial court's order requiring him to pay toward the arrearage during involuntary incarceration violates his due process rights. According to Jaros, the order is "void for vagueness and violates due process" because one portion of the order requires him to pay $150 per month toward arrears, but another portion of the order requires "a different amount of $282." Jaros also complains that he was denied a court-appointed attorney, and he asserts that he

6

"should have been given time to obtain counsel." According to Jaros, the trial court violated his constitutional rights "by rejecting or not properly examining" his affirmative defense of inability to pay. Jaros further complains that the order is void due to an alleged violation of his Fifth Amendment right not to testify. Jaros argues that the trial court's order should be declared void because the trial court did not allow evidence to be presented and did not adequately consider "facts and evidence that [Jaros] was able to present regarding his inability to pay as an affirmative defense and also his actual support" of the children. Moreover, Jaros argues that the "massive budget shortfalls[]" faced by Montgomery County Courts resulted in the trial court not having funds to appoint an attorney for him. Jaros asks this Court to declare the trial court's order void and order him released from incarceration.

## ANALYSIS

A habeas corpus proceeding is a collateral attack on a judgment that imposes punishment for contempt. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967) (orig. proceeding); *In re Johnson*, 337 S.W.3d 486, 488 (Tex. App.—Dallas 2011, orig. proceeding). The relator "bears the burden to show the contempt order is void and not merely voidable." *In re Pruitt*, 6 S.W.3d 363, 364 (Tex. App.—Beaumont Dec. 9, 1999, orig. proceeding). A relator must conclusively demonstrate entitlement to a writ of habeas corpus. *Id*. An order is void if it is beyond the trial court's power

7

to render or if it deprives the relator of liberty without due process of law. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding); *see generally Ex parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997) (holding that trial court's failure to admonish a party of her right to counsel made the commitment arising from the contempt order void). "[W]e do not review the trial court's exercise of its discretion nor the sufficiency of the evidence to support the trial court's action." *In re Pruitt*, 6 S.W.3d at 364. "As a reviewing court, we may only determine if the trial court's contempt findings are so completely without evidentiary support that the trial court's judgment is void because it deprives a relator of liberty without due process of law." *Id.*

As explained above, the record before us directly contradicts Jaros's assertion that he was not properly advised by the trial court that he had the right to court-appointed counsel if he were found to be indigent. The record clearly reflects that the trial judge informed Jaros that the contempt hearing was a quasi-criminal proceeding, advised Jaros of his right to counsel, and told Jaros that if he were found to be indigent, he would be entitled to court-appointed counsel. We conclude that the record does not support Jaros's argument that the trial court failed to advise him of his right to counsel. Additionally, the trial court's order, which is silent regarding whether Jaros was advised of his right to counsel, does not contradict the reporter's

8

record of the hearing. Jaros has not demonstrated that the trial court's order is void for failure to advise him of his right to counsel. *See Ex parte Acker*, 949 S.W.2d at 316; *In re Pruitt*, 6 S.W.3d at 364.

Next, we address Jaros's assertion that the trial court incorrectly denied his request for an appointed attorney because his indigent status was unchallenged and therefore had been established, and the trial court could not have properly determined his ability to hire an attorney without considering his expenses. As explained above, in this original proceeding, we do not review the trial court's exercise of its discretion or the sufficiency of the evidence to support the trial court's action. *In re Pruitt*, 6 S.W.3d at 364. The record reflects that the trial judge received a Declaration of Financial Inability to Employ Counsel form from Jaros, in which Jaros hand-wrote that he is "[s]elf[-]employed[,]" and that his earnings are "$2000-$2600 per month[.]" Jaros indicated he supports two children, he has $150 in cash, and he owes debts of "around $12K credit card, around $100[,000] to my parent[.]" The typed paragraph 9 of the Declaration of Financial Inability to Employ Counsel states "I have no ability to obtain credit or raise funds with which to employ an attorney and desire the Court to appoint an attorney to represent me. I declare under penalty of perjury that the foregoing is true and correc[t]." Jaros did not answer some of the other questions on the form. The record reflects that the trial court reviewed

9

Jaros's declaration and made a finding in open court that the declaration was insufficient to establish that Jaros could not afford to employ counsel. Rule 145 and *In re C.H.C.*, which Jaros cites, are inapposite because they concern the inability to pay court costs, not the issue of the financial inability to employ counsel. *See* Tex. R. Civ. P. 145; *In re C.H.C.*, 331 S.W.3d at 428-29. Additionally, the *Higgins*, *Griffin Industries, Inc.*, and *Pinchback* cases cited by Jaros are also inapposite because they pertain to the failure to pay filing fees and court costs rather than the issue of the financial inability to employ counsel. *See Higgins*, 257 S.W.3d at 685-88; *Griffin Indus.*, 934 S.W.2d at 353; *Pinchback*, 164 S.W.2d at 19-20.

Jaros has not cited any authority supporting his arguments with respect to the trial court's analysis of his alleged inability to retain counsel, and Jaros did not request an extension of time to attempt to obtain counsel when the trial court rejected his declaration of indigency. *See* Tex. Fam. Code Ann. § 157.163(d) (providing that the trial court *shall* require the respondent to file an affidavit of indigency and *may* hear evidence to determine the issue of indigency). The record also fails to support Jaros's assertion that a budget shortfall impacted the trial court's decision not to appoint counsel for Jaros. Rather, the record reflects that the trial court considered Jaros's declaration of indigency and found that Jaros failed to establish that he could not afford counsel. We conclude that Jaros has failed to show that the order is void

10

due to the trial court's method of determining the issue of Jaros's ability to afford counsel or by proceeding with the hearing without allowing Jaros for an extension of time to obtain counsel. *See generally In re Pruitt*, 6 S.W.3d at 364. Section 157.163 of the Texas Family Code does not require a trial court to hear evidence on the issue of indigency. Tex. Fam. Code Ann. § 157.163. The trial court in the present case followed the statutory procedure as written, and Jaros was afforded his statutory due process rights.

Jaros makes some global arguments that he was denied his due process rights due to the order's alleged vagueness as to amounts he is required to pay and other factors. Jaros's arguments do not contain supporting authorities and are inadequately briefed. *See* Tex. R. App. P. 38.1(i); *see generally Kuykendall v. State*, 335 S.W.3d 429, 436 (Tex. App.—Beaumont 2011, pet. ref'd).

With respect to Jaros's argument that the order is void because his Fifth Amendment right not to testify was violated, the record reflects that the trial court instructed Jaros at the status conference it held on August 1, 2019, and again at the beginning of the contempt hearing, as follows: "You have the right to remain silent. You do not have to testify in this matter should you desire not to do so. The reason for that is the burden of proof is wholly on the petitioner to prove that you have violated the court's order. You do not have to prove that you did not." Jaros stated

on the record that he wanted to testify. Jaros did not assert his Fifth Amendment right in the trial court when he testified at the contempt proceeding. *See Ex parte Tankersley*, 650 S.W.2d 550, 551 (Tex. App.—Fort Worth 1983, orig. proceeding) (holding that the privilege against self-incrimination is not self-executing and must be timely invoked).

We now turn to Jaros's argument that the trial court failed to consider evidence regarding his affirmative defense of inability to pay. As explained above, the sole issue before the Court in this original proceeding is whether the trial court's order is void. *See In re Pruitt*, 6 S.W.3d at 364. "The involuntary inability to comply with an order is a valid defense to criminal contempt, for one's noncompliance cannot have been willful if the failure to comply was involuntary." *Ex parte Chambers*, 898 S.W.2d 257, 261 (Tex. 1995). Jaros had the burden of proving his inability to comply. *See id.*; *see also* Tex. Fam. Code Ann. § 157.008(c) (providing that inability to pay is an affirmative defense). During the hearing and in his declaration of indigency, Jaros and other witnesses stated that Jaros is self-employed, has an income of between $2000 and $2600 per month, and is not disabled. Jaros testified regarding various financial hardships he had experienced. Some evidence supports the trial court's finding that Jaros failed to prove that he

12

lacked the financial resources to provide the support ordered. *See In re Pruitt*, 6 S.W.3d at 364-65; *see also Chambers*, 898 S.W.2d at 261.

Having reviewed Jaros's petition, the habeas record, and the response filed by the OAG, we conclude that Jaros failed to establish that the trial court's order is void. *See id.* Accordingly, we deny the petition for writ of habeas corpus.

PETITION DENIED.

PER CURIAM

Submitted on October 25, 2019
Opinion Delivered November 21, 2019

Before Kreger, Horton, and Johnson, JJ.