**Order filed February 25, 2015**



## In The

# Eleventh Court of Appeals

_____

### No. 11-14-00280-CR

_____

### AARON JOSHUA CASTILLO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR41986**

### O R D E R

Appellant, Aaron Joshua Castillo, filed a notice of appeal from his conviction. The clerk's record and the reporter's record were originally due to be filed in this court on or before January 22, 2015. The documents on file in this case reflect that, on October 9, 2014, court-appointed counsel for Appellant filed in the trial court a motion for a free clerk's record on appeal and a request that the trial court enter an order for the preparation of the reporter's record. On

October 16, the trial court entered orders in which it granted Appellant's requests related to the clerk's record and the reporter's record. The docketing statement filed in this court by the district clerk on October 21 reflects that Appellant had been declared unable to pay costs on appeal. In December, Appellant retained counsel, and this court permitted retained counsel to substitute for Appellant's court-appointed counsel. The district clerk and the court reporter subsequently notified this court that the records were not being filed on January 22, 2015, because Appellant had failed to pay for the records or make arrangements to pay for the records. This court granted an extension, and Appellant filed a motion to abate for findings concerning record payment and indigence. On February 17, 2015, the trial court reconsidered its October 16 rulings and, apparently without a hearing, entered an order denying Appellant a free appellate record. In that order, the trial court stated that Appellant "fired [his court-appointed attorney] and hired his own attorney of his choosing and therefore is no longer considered indigent and is not entitled to a free record of proceedings for appeal." On February 19, 2015, Appellant filed additional documents in the trial court: a declaration indicating that he is currently incarcerated and an affidavit indicating that he is indigent. We abate the appeal.

An indigent criminal defendant has a constitutional right to a free appellate record in a first appeal of right. *See Griffin v. Illinois*, 351 U.S. 12, 18–19 (1956); *Abdnor v. State*, 712 S.W.2d 136, 139 (Tex. Crim. App. 1986). The determination of indigence for this purpose is based upon the financial status of the appellant at the time of the appeal, not the trial, and implicates the personal financial condition of the appellant, not that of his parents or other relatives. *Abdnor*, 712 S.W.2d at 142. "Outside sources such as relatives . . . are not to be considered unless they are legally bound to pay for defendant's appellate expenses." *Id.* (quoting *Staten v. State*, 662 S.W.2d 672, 674 (Tex. App.—Houston [14th Dist.] 1983, no writ))

(internal quotation marks omitted). We note that, in the motion to abate filed in this court, retained counsel stated that he had been hired by Appellant's maternal aunt. We abate the appeal so that the trial court, who is in the best position to make such determinations, may resolve the issues surrounding Appellant's asserted indigence. *See McFatridge v. State*, 309 S.W.3d 1 (Tex. Crim. App. 2010).

The trial court is directed to conduct a hearing on or before March 16, 2015, to determine the following:

1. Whether Appellant desires to prosecute his appeal;

2. Whether Appellant is indigent; and

3. If indigent, whether Appellant is entitled to a free appellate record.

Appellant's proof of indigence at the hearing may be had by affidavit alone. *See* Tex. R. App. P. 20.2; *Abdnor*, 712 S.W.2d at 142–43. If it is determined that Appellant is indigent and is entitled to a free appellate record, the clerk's record and the reporter's record from the trial are due for filing in this court immediately.

The clerk of the trial court is directed to prepare and forward to this court a supplemental clerk's record containing the findings, recommendations, and any orders of the trial court regarding Appellant's indigence or the appointment of counsel. The court reporter is directed to prepare and forward to this court the reporter's record from the hearing. These records are due to be filed in this court on or before March 23, 2015.

The appeal is abated.

PER CURIAM

February 25, 2015

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.